## CASE 7—INDICTMENT—OCTOBER 14.

# Jane, a slave, vs. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT.

1. The general rule as to the admissibility of the confession of a prisoner as evidence against him in a criminal prosecution is, that the confession, to be admissible as evidence, must be voluntary, not procured by any improper influence, nor extracted from the prisoner by means of threats or promises. When, however, a statement made by a prisoner is ascertained to be certainly true, the reason for excluding the testimony does not apply.

2. Although confessions improperly obtained are not admissible, yet any facts which have been brought to light in consequence of such confessions, may be properly received in evidence. (*Phillips on Evidence, p.* 116; 1 *Greenleaf Evidence, sec.* 231; 2 *Starkie, p.* 50; 9 *Pick.,* 496; 9 *C. & P.,* 364; 1 *Moody C. Cases,* 338.)

3. In a prosecution for murder by the administration of strychnine, where the evidence conduced to show that the death was occasioned by the use of that poison, a witness testified that he found the phial of strychnine, which he then held in his hand, hidden under a rock in the corner of a fence, near the residence of the deceased, at a place which had been so described to him that he went to it and found the phial without difficulty. He was then allowed to state that he derived the information as to the place where the phial could be found from the prisoner, notwithstanding the fact that all the statements which had been made by the prisoner concerning the phial were extracted from her under a promise that she would be pardoned by the Governor if she would "tell all about it." *Held*—That the evidence was properly admitted.

4. In all criminal cases it is indispensably necessary to a verdict of condemnation that the guilt of the accused should be *fully proved;* a mere preponderance of evidence will not authorize such a verdict—the evidence must be sufficient to produce a full conviction of guilt, to the exclusion of all reasonable doubt. (*Criminal Code, sec.* 236.)

5. An instruction in a criminal case, "that the jury should weigh and consider all the facts and circumstances proven to their satisfaction, in connection and combination, and should hold them and pass judgment on them in that condition, and that if the conclusion from the facts and circumstances so proven to their satisfaction be, that there is that *degree of certainty* in the case that they would act on it in their own grave and important concerns, that that is the degree of certainty which the law requires, and which will justify and warrant them in returning a verdict of guilty," is improper and erroneous.

H. MARSHALL, for appellant, cited 1 *Greenleaf,* 305; 2 *East P. C.,* 657; *Ib.,* 658; 1 *Leach Cr. Cas.,* 430; 1 *Greenleaf,* 289 *and note* 4.

A. J. JAMES, Attorney General, for Commonwealth, cited *Crim. Code, sec.* 329; *Wharton's Amer. Crim. Law, sec.* 695; 1 *Greenleaf Ev., sec.* 231.

Jane, a slave, vs. Commonwealth.

P. U. MAJOR, on same side, cited *Burrill Cir. Ev.*, *pp.* 138, 179, 192–3–4 ; *Wharton's Crim. Law, 3d ed.*, *pp.* 319, 344–5–6–7 ; *Wills on Cir. Ev.*, *pp.* 39, 211 ; *Commonwealth vs. Webster, Mass. Rep.*

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The appellant was indicted for murder, tried and convicted of that offense, and has appealed to this court for a reversal of the judgment.

The action of the court below is complained of, on two grounds :

*First.* That an error was committed to the prejudice of the appellant in admitting important evidence.

*Second.* That an error was committed to her prejudice in the instructions which were given to the jury.

*First.* The appellant was charged with the offense of having killed and murdered one Jane Porter, by administering to her a deadly poison called strychnine. The Commonwealth, after having introduced evidence on the trial conducing to prove that the death of Jane Porter was occasioned by the use of strychnine, then called a witness who testified that he found the phial of strychnine, which he then held in his hand, hidden under a rock in the corner of a fence near Porter's residence, at a place which had been so described to him that he went to it, and found the phial without any difficulty. He was then asked by the attorney for the Commonwealth to state from whom he received the information as to the place where the phial might be found. The question was objected to by the counsel for the appellant, if it was proposed to compromise the prisoner in any way by the answer; and he then offered to introduce the jailer to prove that all the statements which had been made by her concerning the phial were extracted from her under a promise made by him that she would be pardoned by the Governor if she would " tell all about it." The court, however, refused to permit the jailer to testify on the subject, overruled the objection, and allowed the witness to state that he derived the information, as to the place where the phial could be found, from the prisoner.

If the fact which was offered to be proved by the jailer, would have rendered the testimony which was objected to inadmissible, then the court erred in permitting the witness to answer the question. But if the testimony were admissible, notwithstanding the means which had been resorted to for the purpose of inducing the prisoner to make the communication, then the court acted correctly in refusing to hear the statement of the jailer, and in permitting the witness to state that he received from the prisoner the information as to the place where the phial might be found.

The general rule as to the admissibility of the confession of a prisoner as evidence against him in a criminal prosecution is, that the confession, to be admissible as evidence, must be voluntary, not procured by any improper influence, nor extracted from the prisoner by means of threats or promises.

The reason why a confession procured by threats or promises, is inadmissible as evidence, seems to be on account of the uncertainty and doubt that exists in such a case, whether the prisoner may not have been induced by fear or hope to make an untrue statement.

When, however, a statement made by a prisoner is ascertained to be certainly true, the reason for excluding the testimony does not apply. The statement as to the prisoner's knowledge of the place where the phial was to be found, being confirmed by the discovery of the phial at the place indicated by her, is thus proved to be true, and not to have been fabricated in consequence of the promise of a pardon.

In the first volume of *Phillips on Evidence,* (*p.* 116,) it is said by the author, " that although confessions improperly obtained are not admissible, yet that any facts which have been brought to light in consequence of such confessions may be properly received in evidence." Thus, " on a prosecution for receiving stolen goods, evidence has been admitted that the prisoner described the place where the goods were concealed, and that afterwards they had been found there; but that part of the confession, in which he acknowledged that he himself had concealed them, was rejected, as it was improperly drawn from him."

Jane, a slave, vs. Commonwealth.

The reason for this distinction is very clearly stated by the author, who says, " that what the prisoner has said respecting the concealment of the property is ascertained to be true by the fact of the subsequent discovery; but the other part of the confession, in which he charges himself with having concealed it, may have been made untruly, and under the influence of the threat or promise."

This exception to the general rule which excludes confessions improperly obtained, is recognized as correct by Greenleaf, in his treatise on Evidence, (1 *vol.*, *sec.* 231,) and also by Starkie, (*vol.* 2, *p.* 50,) and was adopted and acted on in the cases of the *Commonwealth vs. Knapp*, 9 *Pickering*, 496; *Regina vs. Gould*, 9 *C. & P.*, 364, and *Rex vs. Harris*, 1 *Moody C. Cases*, 338.

The witness was only permitted to testify in this case that the phial of strychnine was found in consequence of the information obtained from the prisoner. He did not state that he was informed by the prisoner that she had concealed it where it was found. The testimony which he was permitted to give was, therefore, proper, and the court did not err in its admission.

*Second.* The instruction that was given to the jury, and which is most complained of, is in the following language:

" That the jury should weigh and consider all the facts and circumstances proven to their satisfaction, in connection and combination, and should hold them and pass judgment on them in that condition; and that if the conclusion, from the facts and circumstances so proven to their satisfaction be, that there is that *degree of certainty* in the case that they would act on it in their own grave and important concerns, that that is the degree of certainty which the law requires, and which will justify and warrant them in returning a verdict of guilty."

In all criminal cases it is indispensably necessary to a verdict of condemnation that the guilt of the accused should be *fully proved;* a mere preponderance of evidence will not authorize such a verdict—the evidence must be sufficient to produce a full conviction of guilt, to the exclusion of all reasonable doubt.

VOL. 2—5.

In civil cases the jury may weigh the evidence where it is conflicting, and render a verdict for that party in whose favor there is, in their opinion, a preponderance of evidence. In criminal cases they have no such right; but are bound by law to find a verdict of not guilty, unless the guilt of the prisoner be *fully proved*.

The law furnishes a plain and simple rule by which to determine the degree òf certainty, as it regards the guilt of the accused, that is required to authorize a verdict of condemnation. It must be that degree of certainty which excludes every reasonable doubt. The evidence must be sufficient to satisfy the jury of the guilt of the accused, and to exclude from their minds all reasonable doubt on that subject.

To justify a verdict of guilty, it is not only necessary that the jurors should be so convinced by the evidence that they would venture to act upon that conviction in matters of the highest importance to their own interests, but they must, moreover, be so convinced as to exclude from their minds all reasonable doubt of the guilt of the accused. This degree of certainty is required by the statute, which expressly provides, "that where there is a reasonable doubt of the defendant being proven to be guilty, he is entitled to an acquittal." (*Criminal Code, sec.* 236.)

The foregoing instruction, which the court gave to the jury, tested by these principles, is liable to several objections. If it did not expressly authorize the jury to find a verdict according to the preponderance of the testimony, it authorized them to weigh the facts and circumstances proven; and when thus weighed, if their conclusion was, not that the accused was guilty, but that there was that degree of certainty in the case that they would act on it in their own grave and important concerns, then they were justified in returning a verdict of guilty. In this respect the instruction was misleading, and calculated to induce the jury to believe that they had a right to decide according to the weight of the evidence.

It is also liable to the objection that it failed to explain to what it was that the degree of certainty which it required was intended to refer. " *Certainty in the case*" is an expression

Jane, a slave, vs. Commonwealth.

rather too vague and indefinite to be used in an instruction to the jury, in a trial involving the life of the prisoner.

But the most material defect in the instruction is in the degree of certainty which it prescribes, with respect to the guilt of the accused. Men frequently act in their own grave and important concerns without a firm conviction that the conclusion upon which they act is correct; but having deliberately weighed all the facts and circumstances known to them, they form a conclusion upon which they proceed to act, although they may not be fully convinced of its correctness. But this degree of certainty is wholly insufficient to authorize a verdict of guilty in a criminal case. In such a case, the jury should be fully convinced of the correctness of their conclusion that the prisoner was guilty, and that conviction should be so clear and strong as to exclude from their minds all reasonable doubt that their conclusion was correct.

The counsel for the accused moved the court to instruct the jury that if they had a reasonable doubt of the guilt of the prisoner, they should acquit her; and the instruction was given as a modification of the first and fourth instructions, given at the instance of the plaintiff, but not as a modification of the instruction which we have been considering, which is designated as instruction number three. The restricted operation thus given to this instruction of the defendant, rendered the instruction which it was not permitted to modify more palpably erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.