## GREWELL *v.* WALDEN *et al.*

THE plaintiff in an action may have the place of trial changed upon a proper showing made under the twenty-first section of the Practice Act, and it is error in the Court to refuse it.

In pleading, it is the ultimate and not the probative facts, which should be averred; and it is error in the Court to exclude evidence offered to establish the probative facts, although they are not averred in the complaint.

APPEAL from the Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*M. G. Cobb*, for Appellant.

Appellant contends that if appellant's vendors had been owners of the land upon which the wood was cut, and out of possession, and defendants had entered without title, and cut and carried away the wood, the right to the wood may be shown by showing title to the land from which it was cut, and this without any allegation of title to the land in the complaint.

In support of this proposition in the Court below, the appellant relied upon *Halleck* v. *Mixer* (16 Cal. 574). Strange to say, the defendants in support of their doctrine that appellant could not go into the question of title to the land, not even the possession, without an allegation of title, etc., relied with equal confidence upon the same case. Unfortunately, the complaint set out in this case (*Halleck* v. *Mixer*), and which was demurred to, gives the defendants some justification for taking this ground.

As the appellant understands that case, the Court simply say, that where the title to personal property sought in a replevin suit depends upon the plaintiff's title to land, it does not vitiate the complaint to set out in it the land title. This case does not decide that this must be done. Defendants do not, or rather did not, dispute the law of this case but said in all cases, where the right to personalty is derived from realty, the title to the realty must be set out in the complaint *expressis verbis*.

The appellant has examined the authorities cited by the Court in

*Halleck* v. *Mixer*, and also those cited by counsel for appellants in the same case; in none was the question raised which has been raised on this point of pleading; in nearly all, however, it may fairly be inferred that the title to real estate was incidentally tried under the personal action of replevin or trover, without any express averment having been made, as to the title in the complaint. (*Sands* v. *Pfeiffer et al.*, 10 Cal. 258; *Rockwell* v. *Sanders*, 19 Barb. 473; *Harlan* v. *Harlan*, 15 Penn. 507; *Brown* v. *Sax*, 7 Cow. 95; *Baker* v. *Wheeler*, 8 Wend. 505; *Wingate* v. *Smith*, 20 Me. 287; *Davis* v. *Early*, 13 Ill. 192; *Heath et al.* v. *Ross*, 12 Johns. 140.)

In replevin, a general allegation that plaintiff is the owner of the property, is sufficient under the New York Code, from which we have copied literally. (*Heine* v. *Anderson*, 2 Duer, 318; see also, *Vogel* v. *Babcock*, 1 Abb. Pr. 176; *Hunter* v. *Hudson River Ins. Co.*, 20 Barb. 501; 1 Whittaker's Prac. 738; 1 Van Santvoord's Plead. 279.)

The Court erred in not granting appellant a change of venue. The New York Code, Sec. 126, is similar to our own in this respect.

No point was made in the Court below by counsel for defendants as to the sufficiency of the affidavit in this case. The only point was as to the Court's having any discretion in such a case; the plaintiff having elected his tribunal. In local actions, where the plaintiff in the first instance is compelled to bring his action within a certain jurisdiction, the Courts have entertained motions for a change of venue on the part of plaintiff, on the ground of convenience of witnesses. (*Inter. Assur. Co.* v. *Sweetland*, 14 Abb. Pr. 240.)

As between plaintiff and defendant in such motions, in New York the Courts have laid it down, as a general principle governing applications of this nature, that the place of trial should be in the county where the principal transactions between the parties occurred, and where it appears the largest number of witnesses who know anything of the transaction sued upon, reside. (*Jordan* v. *Garrison*, 6 How. 6; *People* v. *Wright*, 5 Id. 23; *Goodrich* v. *Vanderbilt*, 7 Id. 467; *Hinchman* v. *Butler*, Id. 462; *Mason* v. *Brown*, 6 Id. 481; 2 Whittaker's Prac. 3d Ed. 251.)

Grewell *v.* Walden.

Our statute is broad enough to cover the discretion asked for.

*Hall & Scaniker,* for Respondents.

The general rule as to allegation of title in an action strictly personal, at common law, cannot be doubted; and it is not necessary that the evidence of the title should be stated. But all that is claimed here, on these points by the respondents, is that they should have been put upon notice by a general allegation that the appellant was the owner or in possession of the land from which the wood was severed. The defendants would then have put that fact in issue by a denial.

The case of *Halleck* v. *Mixer* establishes the following propositions :

1. That if it appears, whether on the face of the complaint or under the proofs, that the plaintiff's title to the wood rests upon his title to the land, and at the time of the cutting of the wood he is not in possession, but the defendant is, claiming the land adversely under color of title, the action of replevin cannot be maintained, because the Court will not determine the land title in the personal action.

2. But in other cases proof is admissible of title to the land, as the means of showing title to the wood; that is, where the title to the wood is founded on the title or possession of the land, and the defendant is a mere intruder or trespasser.

3. But in such case, in order to admit proof of the plaintiff's title or possession of the land, such title or possession must be alleged, because the title to the chattel is inseparably connected with the right to the land, and because it is that upon such proof the right of recovery rests.

The defendants did not deny in the Court below that the Court had a discretionary power to order a change of venue; but the defendants claimed that the proof upon the affidavits did not justify the Court in making the order, for the reason that the convenience of parties and of witnesses would not be subserved, but rather hindered thereby.

No such rule as that sought to be sustained by the cases cited in New York has been recognized in this State ; and your Honors

would not disturb the action of the Court below unless it was apparent that its discretion had been grossly abused.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought in San Joaquin County to recover the possession of a quantity of cord wood, alleged to have been taken from the plaintiff's possession in Stanislaus County, and then detained in the County of San Joaquin. The defendant recovered judgment, from which the plaintiff appeals.

The plaintiff, after issue joined, moved the Court for a change of venue to Stanislaus County, alleging in his affidavit that his right to the wood depended upon his title and possession of the land from which the wood was cut, which lay in Stanislaus County, and that the convenience of witnesses, seventeen of whom are stated to be residents of Stanislaus County, required a change of the place of trial to the latter county. He also states good reasons why he commenced the action in San Joaquin County, to wit: the necessity of procuring the immediate possession of the wood before it could be removed beyond his reach to some other part of the State. No opposing affidavits appear to have been filed. The Court denied the application, and this is assigned for error. We see no good reason why the plaintiff in an action may not have the place of trial changed, upon a proper showing, equally with the defendant. There is nothing in the statute forbidding it. Sec. 21 of the Practice Act provides that "The Court may, on motion, change the place of trial in the following cases," etc. It does not confine this motion to the defendant, but leaves it open for both parties. As a general rule, the action should be commenced in the county where the defendants reside ; but if, after the issues are made up, and each party knows the facts necessary to be proved, the plaintiff should find that the convenience of his witnesses requires that the trial should be had in some other county, where the cause of action arose, and where his witnesses reside, he is certainly as much entitled to a change as the defendant would be under the same circumstances, and he should not be denied that right because he has brought his action in the county where the defendants reside, or

where the personal property in controversy may happen to be found. The present case shows the importance of thus establishing the rule. The plaintiff finds his property in San Joaquin County, and to prevent its being carried away beyond his reach, or being converted by the trespasser, he commenced his suit in that county to recover its possession. But the property was taken from his possession in Stanislaus County, where the act was committed which forms the gravamen of the action, and where it is presumed the witnesses reside who know the facts. The Court therefore erred in refusing to change the place of trial.

During the trial the plaintiff called a witness, and offered to prove by him that he owned the land upon which the wood in question was cut, and sold the wood to the plaintiff, and put the following question to the witness: " Who was the owner and in possession of the land upon which the wood in question was cut and taken away by the defendants ? " The defendants objected to the question, because it was inquiring into the title of land, and the plaintiff had made no allegation of such title in his complaint. The Court sustained the objection, and excluded all evidence relating to the title or possession of the land on which the wood was cut. After the plaintiff had closed his testimony, the defendants moved for a nonsuit, on the ground that the plaintiff's title to the wood depended upon the title of his vendors to the land upon which the wood was cut, and no such fact of title was averred in the complaint, or proved. The Court granted the nonsuit, and these rulings of the Court are assigned as error.

The Court erred in excluding the evidence, and in granting the nonsuit on the ground stated. In discussing the rules of pleading this Court say, in the case of *Green* v. *Palmer* (15 Cal. 316) : " To illustrate this, let us suppose an ultimate fact, upon the establishment of which the claim or defense depends, and that the establishment of this fact depends upon the establishment of three or four prior facts, which being established proves this. It is the ultimate fact, and not the prior or probative facts, which should be set forth." To apply this rule to the present case. The ultimate fact to be established here is the ownership of the wood, when it was taken away by the defendants. The establishment of this fact

12

depends upon establishing the ownership and possession of the land from which it was severed. These latter are, therefore, but probative facts, and need not to be set forth; but the ultimate fact, to wit: the ownership of the wood being stated, it is sufficient. The principle that the owner of the land is entitled to the wood cut from it, where there is no other person in possession of the land, holding adversely in good faith under claim and color of title, was fully established in the case of *Halleck* v. *Mixer* (16 Cal. 574), and a similar principle had been sustained by this Court in the case of *Sands* v. *Pfeiffer* (10 Cal. 263). It is true that in the case of *Halleck* v. *Mixer* the facts relating to the ownership and possession of the land by the plaintiffs were fully set forth in the complaint, and there is no impropriety in making the averments in that manner; but it is not essential that they should be so stated in order to admit the proof of such facts.

The judgment is therefore reversed, and the cause remanded for further proceedings.