EDWIN B. RIPLEY *vs.* DAVID BATES, administrator.

A. bought land in 1812 with the money of B., but took the deed in his own name. **B.** took possession at once of the land, and often applied to A. for a deed; and he, and those claiming under him, occupied it till 1870. In 1823, A. died. *Held*, that it was competent to find that A. was disseised by B.

APPEAL from a decree of the Probate Court, passed July 19, 1870, appointing the appellee administrator with the will annexed of the estate of John Ripley.

At the hearing, before *Ames*, J., it appeared that John Ripley died in Connecticut in 1823, and his will was admitted to probate in that state; that some time in or before 1812 he purchased a tract of land in Blandford, but the purchase was made with funds belonging wholly or principally to his son, John B. Ripley; that John B. Ripley moved from Connecticut to this land, and occupied it, without interruption or objection, until his death in 1852; that since his death his wife and daughter occupied it, under a devise in his will, until his wife's death in 1870; that he often applied to his father during his lifetime for a deed; and that there was no property of John Ripley within the Commonwealth except this land. The judge found " that the occupation of the land by ᵀohn B. Ripley, and those claiming under him, was of such a ᴄᵎ aracter as to constitute adverse use, continuous and unopposed, from the year 1812 until about the time of the death of his widow; provided, as a matter of law, his and their uses of the property could be held under the circumstances above set forth to have been adverse; " and he reserved the case with all questions arising upon his report for the determination of the full court.

*M. B. Whitney*, for the appellant.

*E. B. Gillett*, (*H. B. Stevens* with him,) for the appellee.

COLT, J. The right to have a will allowed and recorded here which has been proved and allowed in another state exists under

our statute only where there is estate here on which the will may operate. Gen. Sts. c. 92, § 21. The judge who heard this appeal finds as a matter of fact that John Ripley, the testator, had no estate in this Commonwealth, and this is decisive, unless the facts reported by him would not in law warrant a finding that the testator lost title to the only estate claimed to be his, by adverse possession continued for the required time in his son, John B. Ripley, and in those claiming under him.

To qualify the effect of the long continued and adverse occupancy of John B. Ripley and his representatives, commencing as far back as 1812, the fact is relied on that the land was originally purchased by the testator with funds belonging wholly or principally to John B. Ripley, who entered upon the premises, recognizing the legal title of his father, the testator, and afterwards frequently applied to him for a deed. It is urged that the possession, therefore, must have been in conformity to the legal title, and not adverse either in its inception or continuance. The case shows, indeed, a resulting trust in favor of John B. Ripley, which a court of equity would enforce by decreeing a conveyance of the estate, but there is no rule applicable to trusts or the effect of the statute of limitations upon them which would prevent his acquiring title by ordinary acts of disseisin. Where there is an express trust, and the *cestui que trust* enters in accordance with its terms, it is true that mere possession by him and taking the rents and profits cannot be adverse. There must be actual ouster, or, what is equivalent, a denial of the relation brought to the knowledge of the trustee, to constitute disseisin. But this rule does not apply to those implied or constructive trusts which arise upon payment by one person of the consideration of a deed made to another, or upon payment of purchase money for land, the title to which remains in the seller. In these cases, the claim of exclusive ownership in the purchaser is entirely consistent with the mode in which possession is acquired and held, which, from the nature of the case, is adverse to the title of another. Hill on Trustees, 267. *Stearns v. Janes,* 12 Allen, 584. *Barker v. Salmon,* 2 Met. 32. *Motte v. Alger,* 15 Gray, 322. Angell on Lim. §§ 469, 471, and cases cited.

Under the circumstances set forth in this report, it was competent to find that the testator had been disseised of the land in dispute. *Decree reversed.*