[No. 18125.   Department Two. — November 8, 1893.]

FREDERICK WENZEL, Appellant, v. LAVANTIA SCHULTZ et al., Respondents.

Mortgage by Deed Absolute—Power of Sale—Title Not Conveyed.—A deed, absolute on its face, made to a creditor of the grantor, as security for the sum of money due from the grantor to the grantee, in pursuance of an understanding that the grantee would sell the land, pay off a mortgage held by a third party, retain the sum of money due himself, and pay the residue to the grantor, is a mortgage, and conveys no title to the creditor, though sufficient to pass title as between the grantor and a purchaser from the grantee in good faith, and for a valuable consideration without notice.

Id.—Reconveyance to Grantor—Agreement to Pay Indebtedness—Vendor's Lien—Estoppell.—Upon a reconveyance by the creditor to the grantor, under an agreement that the latter would make the sale which the former had failed to make, and would pay the creditor from

the proceeds the amount of the indebtedness which had been secured by the deed, neither the debtor nor his subsequent grantee is estopped to deny that the creditor ever had title to the land, as against his claim to foreclose a vendor's lien for the amount of the debt.

ID.—DISPUTING TITLE OF GRANTOR.—The grantee in fee who owes no duty to his grantor is not estopped from disputing the title of such grantor.

ID.—ISSUE AS TO TITLE.—In an action to foreclose the vendor's lien the answer of a defendant, who is the grantee of the defendant to whom the land was reconveyed, denying that the plaintiff ever owned the land, entitles such grantee to show that the deed to the plaintiff was a mortgage, and did not convey the title.

ID.—PURCHASE OF LAND SUBJECT TO MORTGAGE.—Where the land was purchased subject to an outstanding mortgage, and there is nothing to show that the purchaser became obligated to pay the mortgage note, the land alone is liable for its payment, and the purchaser cannot be required to redeem the mortgage before it is due.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order denying a new trial.

The facts are stated in the opinion.

*Eagon & Rust, John W. Armstrong,* and *Armstrong & Platnauer,* for Appellant.

*Daniel Titus,* for Respondent Davis.

The deed being a mortgage, plaintiff was not the owner of the land. (Civ. Code, secs. 24, 29; *Smith* v. *Smith,* 80 Cal. 325.) There was no sale to Schultz by plaintiff, and he could not have a vendor's lien. (Civ. Code, sec. 3044.) A grantee is not estopped to deny the title of his grantor. (*San Francisco* v. *Lawton,* 18 Cal. 476; 79 Am. Dec. 187; *Osterhout* v. *Shoemaker,* 3 Hill, 518; *Sparrow* v. *Kingman,* 1 N. Y. 253; *Blight* v. *Rochester,* 7 Wheat. 548; *Propagation Society* v. *Pawlet,* 4 Pet. 506; *Watkins* v. *Holman,* 16 Pet. 54; *Barker* v. *Salmon,* 2 Met. 32; *Averill* v. *Wilson,* 4 Barb. 180.) That the deed was a mortgage could be shown under the issue as to the ultimate fact of the ownership of the land. (*Grewell* v. *Waldon,* 23 Cal. 165; *Smith* v. *Smith,* 80 Cal. 323.)

SEARLS, C.—Action to foreclose a vendor's lien, and to have a mortgage executed by the plaintiff upon the

land claimed to be subject to such vendor's lien fore-closed.

According to the averments of the amended and sup-plementary complaint plaintiff was, on the eighth day of December, 1888, the owner of and in the possession of certain land described therein. That plaintiff sold and conveyed the land to Charles F. Schultz. The con-sideration of the sale was $5,000, as follows: Schultz agreed to pay off a debt of plaintiff to Hattie Stoerling, amounting to $1,500, evidenced by a promissory note bearing interest at ten and a half per cent per annum, and secured by a mortgage on the land conveyed. The residue of the purchase money, amounting to $3,500, was to be paid in gold coin. No part of the purchase price was paid. On the 1st of May, 1889, on an ac-counting between plaintiff and Schultz, there was found to be due to plaintiff on account of the $3,500, part of the purchase price of the land, the sum of $2,700, for which sum Charles F. Schultz and Lavantia Schultz, his wife, made to plaintiff their promissory note, payable one day after date, with interest at nine per cent per annum. On the twenty-eighth day of May, 1889, Charles F. Schultz, being at the point of death, and desirous of avoiding the necessity of admin-istration on his estate, conveyed said land to Lavantia Schultz, his wife, subject to the vendor's lien of plaintiff, and subject to the payment to plaintiff of the purchase money, as aforesaid, of all of which she had notice, and then and there agreed to pay said purchase money to plaintiff.

Lavantia Schultz is insolvent.

The interest of the defendant, Elizabeth A. Davis, in said land is vested under a deed from the defendant, Lavantia Schultz, dated February 6, 1891, and as a part of the consideration thereof the former assumed and agreed to pay the debt of the plaintiff to Hattie Stoer-ling, secured by said mortgage, and the deed to her recites that the conveyance is subject to the mortgage which is described therein. Charles F. Schultz died

on or about June 30, 1889, and defendant Edward D. Taylor is administrator of his estate. Defendant Davis has not paid off or discharged the Stoerling mortgage upon the land, and the sum secured thereby was not due when the action was commenced, the note being payable " on or before October 1, 1892."

The claim of plaintiff and the alleged vendor's lien, as well as the agreement to pay the mortgage by Schultz, deceased, was presented to the administrator, and by him allowed as against the estate, but without prejudice to the rights of third persons in the land, and his action was approved by the judge. On the twenty-third day of November, 1891, plaintiff requested the administrator to institute proceedings for the sale of the land to satisfy his claim, which was refused; whereupon this action was brought. Defendant Elizabeth A. Davis answered, denying, among other things, that the plaintiff was ever the owner of the land in question, or that he sold it to Schultz. She admits her purchase thereof, and avers it was for a valuable consideration, and without notice of plaintiff's alleged vendor's lien, and avers the Stoerling note and mortgage are not due and payable.

The case was tried by the court without a jury, commencing June 15, 1892, and a judgment of nonsuit was entered, from which, and from an order denying a new trial, plaintiff appeals.

The motion for a nonsuit was based upon "the ground that said plaintiff has failed to show that he has a lien on the property described in the complaint, or that he was entitled to any relief against said defendants." The nonsuit seems to have been properly granted.

The evidence tended to show that Charles F. Schultz was the owner of the property, and, being indebted to plaintiff, he conveyed the land to the latter by an absolute deed of conveyance, but simply as security for the sum of money due said plaintiff. There was an understanding that plaintiff would sell the land, pay off a mortgage held by defendant Stoerling, which Schultz had

created, for fourteen hundred dollars, retain the sum of money due him, and pay to Schultz the residue, if any, received from the sale. Failing to make a sale of the property, by reason of being absent much of the time from the locality, plaintiff reconveyed to Schultz upon an understanding that he, Schultz, would sell the land, pay off the Stoerling mortgage, which plaintiff had renewed in his own name for fifteen hundred dollars, and pay plaintiff the sum due him from the proceeds. Schultz was sick nigh unto death, and at the request of plaintiff conveyed the land in question to his wife by deed of gift, with a like understanding. The latter conveyed to the defendant, Elizabeth A. Davis, subject to the Stoerling mortgage, but, so far as appears, without notice of any vendor's lien on the part of plaintiff. Under such circumstances the deed from Schultz to plaintiff was a mortgage, and conveyed no title to the latter. (Civ. Code, sec. 2924; Code Civ. Proc., sec. 744.) Upon its face the deed from Charles F. Schultz to the plaintiff, under date of April 30, 1885, was an absolute conveyance, and while between the parties it only amounted to a mortgage, yet it was sufficient to pass the title as between plaintiff and a purchaser from him had he sold and conveyed the property in good faith and for a valuable consideration to an innocent purchaser without notice. He did not do so, however, but reconveyed the property to his mortgagor, relying apparently upon the good faith of the parties, who were his friends, to make the sale which he had failed to accomplish, and to pay him from the proceeds what was justly due him.

The doctrine of estoppel invoked by appellant has no application as against defendant Elizabeth A. Davis, so far as the vendor's lien is concerned. She is not, in other words, estopped from saying that plaintiff never had title to the land. Her predecessor in interest, Charles F. Schultz, was not estopped from showing that his deed to plaintiff was in fact a mortgage, and neither is she estopped from making the same claim. Were the rule as contended for by appellant, no absolute deed

could ever be shown by parol to be intended as a mortgage.

We may add that a grantee in fee, who owes no duty to his grantor, is not estopped from disputing the title of such grantor. As was said in *San Francisco* v. *Lawton*, 18 Cal. 476; 79 Am. Dec. 187: "A grantee in fee may deny that his grantor had any title. With the execution of the conveyance the transaction between the parties is closed. Thenceforth the grantee holds the property for himself, and is neither bound to surrender possession to his grantor nor to maintain the validity of his title." In *Osterhout* v. *Shoemaker*, 3 Hill 518, it was said: "There is no estoppel where the occupant is not under an obligation, express or implied, that he will at some time or in some event surrender the possession. The grantee in fee is under no such obligation. He does not receive the possession under any contract, express or implied, that he will ever give it up. He takes the land to hold for himself, and to dispose of it at pleasure. He owes no faith or allegiance to the grantor, and he does him no wrong when he treats him as an utter stranger to the title." (*Sparrow* v. *Kingman*, 1 N. Y., 253; *Blight* v. *Rochester*, 7 Wheat. 548; *Propagation Society* v. *Town of Pawlet*, 4 Pet. 506; *Watkins* v. *Holman*, 16 Pet. 54; *Barker* v. *Salmon*, 2 Met. 32.)

The question as to the character of the deed from Schultz to plaintiff was properly in issue. The answer of defendant Davis denied that plaintiff ever owned the land, and under such a denial it was proper to show that the deed to plaintiff was a mortgage, and hence did not convey the title. (*Smith* v. *Smith*, 80 Cal. 323; *Grewell* v. *Walden*, 23 Cal. 165.) It is conceded that the defendant, Davis, took the land subject to the lien of the mortgage executed by the plaintiff to Hattie Stoerling, but the mortgage was not yet due when this action was commenced. The note which it was given to secure was, it is true, payable on or before October 1, 1892. This gave plaintiff an option to pay it prior to

that time, but did not give to the payee a right to enforce it until the date mentioned, and the obligation devolving upon defendant Davis is no greater than that of the plaintiff. Indeed, there is nothing in the record showing that the defendant, Davis, ever obligated herself to pay the note. She bought the land subject to the mortgage, and if she does not discharge it the land becomes liable for its payment, not because of any personal obligation on her part to pay the note, but because it is secured by a lien on such land.

The judgment and order appealed from should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.