WILLIAM HOLLMAN ET AL., APPELLEES, v. J. S. PATTISON & COMPANY ET AL., APPELLANTS.

FILED DECEMBER 31, 1920. No. 20831.

1. Executors and Administrators: SALE OF REAL ESTATE: ESTOPPEL. Plaintiffs contracted with the heirs of a deceased person for a quitclaim deed of conveyance to real estate of which the ancestor died seised, it being subject, however, to sale for the payment of

Hollman v. Pattison & Co.

the debts of the ancestor. It was provided in the contract that, in addition to the quitclaim deed, the purchasers should be furnished an administrator's deed to be procured by proper procedure in the courts. The administrator, by and with the consent of the heirs, had previously executed a lease of the premises to a third party. In pursuance of the contract, the quitclaim deed was executed and delivered and the proper proceedings were had for the sale of the premises by the administrator for the payment of the debts. The plaintiffs became the purchasers at the administrator's sale, the sale was confirmed and the administrator's deed issued to the purchasers. *Held*, plaintiffs are not, as against the lessee of the heirs and the administrator, estopped to assert their right of possession of the premises from the date of the confirmation of sale and delivery of the deed.

2. **Syllabus Withdrawn.** The syllabus of our former opinion, *ante*, p. 313, is withdrawn.

Opinion on motion for rehearing of case reported, *ante*, p. 313. *Syllabus of former opinion withdrawn, and judgment affirmed.*

MORRISSEY, C. J.

This case is before us on motion for rehearing. The original opinion may be found, *ante*, p. 313. It is an action to recover possession of the storeroom and basement in a business block in the city of Minden. There was judgment for plaintiffs, and defendants appealed. By our former opinion the judgment of the lower court was affirmed. On rehearing it is urged that certain statements of fact contained in our opinion are not borne out by the record.

The building formed part of the estate of Hannah E. Haws. The administrator of the estate, by and with the consent of each of her heirs, executed a lease of the premises to defendants for the term of one year, defendants having the option to continue the lease for a term of four more years. Subsequent to the execution of this lease the administrator and the heirs negotiated for a sale of the property to plaintiffs Hollman and Jensen for the sum of $10,000. This agreement provided that the heirs should execute a quitclaim deed running to the purchasers, but further provided that an administra-

tor's deed be procured by proper proceedings through
the courts. Two of the heirs were minors and their
guardian acted for them in the execution of the contract
and lease. Proceedings were instituted in the proper
court to have the real estate sold to satisfy the debts
of Hannah E. Haws, her personal property being in-
sufficient therefor. When the real estate was offered at
the administrator's sale, plaintiffs Hollman and Jensen
bid the amount agreed upon in their contract theretofore
made. No other bid was made and, June 30, 1917, the
sale was duly confirmed by the district court, and a deed
issued and delivered by the administrator to the pur-
chasers, Hollman and Jensen. On the same day a quit-
claim deed from the heirs was delivered. Hollman and
Jensen then conveyed an interest in the property to
plaintiffs Anderbery. Defendants paid the rent up to
July 1, 1917, to the administrator. In our former opin-
ion it is said that defendants, who were in possession
of the property at the time of the sale, recognized the
validity of plaintiffs' title by paying rent to the pur-
chasers, and that the purchasers received the same. This
statement is not supported by the record.

Defendants contend that plaintiffs hold title by virtue
of their agreement made with the heirs and the adminis-
trator and finally merged in the quitclaim deed, and
that the proceedings had in the district court constitute
merely a means of conveying the title of the minor
heirs, or completing the contract made by the parties
out of court, and that plaintiffs took title subject to the
lease held by defendants. Defendants invoke the doc-
trine of estoppel. They also contend that the action was
prematurely brought and that the court was without
jurisdiction because this action was commenced before
the administrator had made distribution of the funds of
the estate and obtained his final discharge from the
county court.

We find in the brief an excerpt from the opinion of
the trial court which clearly states the controlling issues
and reaches the correct conclusion, and we adopt it as
our own:

"The law is clear that, unless an estoppel arises by reason of their having taken the deed from the heirs, the administrator's deed vested Jensen and Hollman with title to the lots free from the burden of any lease or other conveyance or incumbrance made by the heirs or by the administrator while the estate was in process of administration. Purchasers at administrator's sale have the right to possession as against the administrator or the heirs, as well as tenants claiming under them. It is contended by the defendants, however, that the present case is an exception to the rule; that, by negotiating with the heirs for their title to the property and by accepting a deed from them, the plaintiffs have placed themselves in such a position of privity with the heirs that they are precluded and estopped from denying the validity of the defendants' lease.

"The plaintiffs in this case hold two distinct lines of titles, one from the heirs of Hannah E. Haws, which conveyed the interest of the heirs, subject and inferior, of course, to the liability of the real estate for the payment of debts of the estate if the personalty is insufficient; the other through the court proceedings, in which the court, assuming under the statute to act in the place of intestate, sells the property to obtain money with which to discharge the debts. The deed from the heirs extinguishes their rights, while the administrator's sale extinguishes the rights of creditors. The latter being superior to the former, and the title of the heirs being merely contingent, the administrator's deed extinguishes the rights of the heirs as well as of the creditors.

"Are there, then, any facts or circumstances in evidence in this case which would estop the plaintiffs as against the lessee of the Haws heirs from claiming the right of possession of the premises which ordinarily flows from the administrator's sale and deed and vests in the purchaser at such sale? Such estoppel could arise only in one of two ways, by deed or *in pais*.

"The attitude of the plaintiffs and the defendants toward each other during the negotiations between the

Haws heirs and the plaintiffs, and before and at the time of the administrator's sale, seemed to have been entirely passive. No representations or statements of any kind took place between them, and they did not come into contact with reference to the sale. The contract and the deeds were silent as to the rights of the lessee. Did the plaintiffs owe any duty to the defendants in the premises to take any active step with reference to the lease? No specific duty on the plaintiffs' part toward the defendants has been pointed out, and it may therefore be said that there is no basis for estoppel by conduct, except such as would arise, if at all, from the mere fact of entering into the contract of sale, or of accepting the deed from the heirs.

"The question, though, is whether, negotiating with parties for a quitclaim deed, and afterwards accepting from such parties a deed which is in legal effect a quitclaim deed, the grantees in such deed are estopped, as against the lessee of their grantors, from disputing the title of their grantors; that is, are they estopped in an action to dispossess such lessee from asserting that their grantors, at the time they gave the lease in question, had no power to make the lease? In other words, may the grantees in the deed from the heirs, after accepting the deed, deny that their grantors had any title at the time they made it, and set up as against their grantors' lessee a superior title derived through judicial proceedings in which the rights of their grantors have been devested?

"The current of authority seems to be uniform upon the position that the grantees in such a case are not estopped (*Wenzel v. Schultz,* 100 Cal. 250; *Moore v. Smead,* 89 Wis. 558; *Robertson v. Pickrell,* 109 U. S. 608, 27 L. Ed. 1049)."

The syllabus of our former opinion and the statements in the opinion heretofore mentioned are withdrawn, and the judgment is

AFFIRMED.