# WASATCH MINING COMPANY *v.* CRESCENT MINING COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 135. Argued March 13, 1893.— Decided March 27, 1893.

The plaintiff below contracted to buy of defendant and the defendant agreed to sell to plaintiff, for a valuable consideration, several pieces or parcels of land. In pursuance of said contract, a deed was made by the defendant to the plaintiff, wherein and whereby, by mistake and inadvertence in describing the property conveyed, there was omitted therefrom an important part of the property contracted to be sold. The purchase price was a round sum for all the tracts, and was paid. *Held*, that a case for a reformation of the deed was clearly made out, unless, indeed, the defendant should be able to show some good reason why such admitted or established facts are not entitled to their apparent weight.

In equitable remedies given for fraud, accident or mistake, it is the facts as found that give the right to relief; and, as it is often difficult to say, upon admitted facts, whether the error which is complained of was occasioned by intentional fraud or by mere inadvertence or mistake, the appellant in this case has no reason to complain of the language of the court below, in attributing his misconduct to mistake or inadvertence rather than to intentional fraud; and he cannot raise such an objection for the first time in this court.

When, in the trial of a case, no objection is made to the admission of evidence and its relevancy to the pleadings, it is too late to raise those questions in this court.

THE record discloses that the Crescent Mining Company filed its complaint against the Wasatch Mining Company in the District Court of the Third Judicial District of Utah Territory; that an answer denying the allegations of the complaint was duly filed; that evidence was taken on behalf of the respective parties; that the action was tried by the court sitting without a jury; and that the court made the following findings of fact :

"In July, 1886, said plaintiff contracted to buy of defendant and defendant agreed to sell to plaintiff for a valuable consideration the following described mining property and prem-

ises, situated in Uintah mining district, Summit County, Utah Territory, bounded, with magnetic variation, at 17 deg. and 20 min. east, as follows, to wit :

"Beginning at corner No. 1 of the Walker and Walker Extension mine, and running thence N. 44. deg. 35 min. west 220 feet to corner No. 2 of said mine, from which U. S. mineral monument No. 4 bears south 46 deg. 10 min. west, at a distance of 158 feet ; thence south 21 deg. 15 min. west 196 feet to corner No. 3 ; thence south 68 deg. 5 min. west 2804 feet to corner No. 4; thence south 44 deg. 35 min. east 216 feet to corner No. 5 ; thence north 68 deg. 5 min. east 1410 feet to corner No. 3 of the Buckeye mine ; thence south 44 deg. 35 min. east along the southerly end line of said Buckeye mine 130 feet to corner No. 4 thereof; thence north 68 deg. 5 min. east 1400 feet to corner No. 1 of said last-mentioned mine; thence north 44 deg. 35 min. west 130 feet to corner No. 2 of said Buckeye mine, the same being also corner No. 6 of said Walker and Walker Extension mine ; thence north 21 deg. 15 min. east 190 feet to the place of beginning, together with all dips, spurs and angles, and also all metals, ores, gold and silver bearing quartz, rock and earth therein, and all the rights, privileges and franchises thereto incident, appendant or appurtenant, or therewith usually had and enjoyed, and all the estate, rights, title, interest and property, possession, claim and demand of said party defendant in or to the same.

"2. In pursuance of said contract a deed was made by defendant to plaintiff, bearing date September 1, 1886, wherein and whereby, by mistake and inadvertence in describing the property so contracted for and to be deeded, there was omitted therefrom so much of said property and premises as had been patented by the United States to James Lowe and others as part of lot 42, called the Pinyon and Pinyon Extension mining claim.

"3. That in making said contract and said deed it was the intention of parties plaintiff and defendant to include the premises and property omitted as last aforesaid, and the purchase price thereof was paid and secured with that of the property deeded." ·

From the facts so found the court drew the conclusion that the plaintiff was entitled to have its deed from defendant so reformed as to embrace and include in its description of the property to be conveyed all that which was described in the first finding of fact.

From this judgment of the District Court an appeal was taken to the Supreme Court of the Territory, and from the judgment of that court, affirming the decree of the District Court, an appeal was taken to this court.

*Mr. A. B. Browne,* for appellant. *Mr. Charles W. Bennett* filed a brief for the same.

I. The complaint, assuming all its allegations to be true, does not state a case entitling respondent to the relief obtained. Under the clear intent of that contract in the event of the representatives and successors in interest of William Jennings failing to join in the deed (and they did so fail) the Wasatch Mining Company was not required to make any deed until the final determination in its favor of the action against the Jenningses, nor until the Crescent Mining Company paid appellant $42,500. Here, according to the contract, the money was to be paid — not secured merely — before respondent would be entitled to demand any sort of a deed.

Now the complaint shows that the action mentioned in the contract is still pending. If at the time of the commencement of this action respondent was entitled to a deed, it must be by reason of some other transaction, some contract between the parties other than that of July the 9th. If there was any other negotiation between the parties, any other contract under which respondent was entitled to call for a deed, it was bound to allege it in its complaint. Failing to do so, the court had no authority to render the decree that it did, no matter how convincing the evidence might be that respondent was entitled to a deed. *Crocket* v. *Lee,* 7 Wheat. 522; *Carneal* v. *Banks,* 10 Wheat. 181; *Harding* v. *Handy,* 11 Wheat. 103; *Harrison* v. *Nixon,* 9 Pet. 483; *Foster* v. *Goddard,* 1 Black, 506; *Ferguson* v. *Ferguson,* 2 Comstock, (2 N. Y.,) 360; *Bailey*

v. *Ryder*, 10 N. Y. 363; *Mondran* v. *Goux*, 51 California, 151; *Dudley* v. *Scranton*, 57 N. Y. 424; *Schofield* v. *Whitelegge*, 49 N. Y. 259; *Tooker* v. *Arnoux*, 76 N. Y. 397.

II. If it were conceded that the complaint stated a case entitling the respondent to the relief granted, still there would have to be a reversal, because the court's findings are not within the issues presented by the pleadings.

A court of equity may reform a writing *inter partes* whenever, either through fraud or accident or mistake, it has been so written as not to express the true agreement. But one may no more be permitted to allege actual, positive fraud as the ground for reformation, and obtain the relief on proof of mistake, than he may be permitted to allege a mistake as the ground for relief and recover on proof of actual fraud. This we understand to be elementary doctrine. It is abundantly settled by authority. *Murcier* v. *Lewis*, 39 California, 533; *Devoe* v. *Devoe*, 51 California, 543; *Mondran* v. *Goux*, 51 California, 151; *Morenhout* v. *Barron*, 42 California, 591.

III. In discussing the second assignment of error, we have said all we desire to say in support of the third assignment of error.

*Mr. R. N. Baskin*, (with whom was *Mr. Thomas Marshall* on the brief,) for appellee.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

This was a suit brought in the District Court of the Territory of Utah by the Crescent Mining Company against the Wasatch Mining Company for the reformation of a deed, made by the latter to the former, so as to make it embrace and include a certain piece or parcel of land claimed to have been wrongfully omitted from the deed.

Under the act entitled "An act concerning the practice in territorial courts and appeals therefrom," approved April 7, 1874, (18 Stat. p. 27,) if the findings of the District Court are sustained by the Supreme Court, such findings furnish a

sufficient statement of the facts for the purposes of an appeal to this court, and our inquiry is whether, upon such facts, the judgment appealed from was right. *Stringfellow* v. *Cain*, 99 U. S. 610.

If the plaintiff below contracted to buy of defendant and the defendant agreed to sell to plaintiff, for a valuable consideration, several pieces or parcels of land, and if, in pursuance of said contract, a deed was made by the defendant to the plaintiff, "wherein and whereby, by mistake and inadvertence in describing" the property conveyed, there was omitted therefrom an important part of the property contracted to be sold, and if the purchase price, being a round sum for all the tracts, has been paid, a case for a reformation of the deed was clearly made out, unless, indeed, the defendant should be able to show some good reason why such admitted or established facts are not entitled to their apparent weight.

In the effort to do so, the appellant points to what he contends is a fatal variance between the allegations of the bill of complaint and the findings of fact on which the court below based its judgment. The bill, as he reads it, is restricted to the case of an alleged fraud and conspiracy between the defendant company and one E. P. Ferry, a director and representative of the Crescent Mining Company, whereby the defendant company delivered and Ferry accepted, with a view to cheat and defraud the plaintiff company, a deed not conforming with the contract but omitting an important part of the land sold. And as the court finds, in terms, that the omission was by "mistake and inadvertence in describing the property so contracted for and to be deeded," the contention is that the case is within the scope of well-settled cases, which hold that no decree can be made in favor of a complainant on grounds not stated in his bill.

If this objection is well taken, the complainant was in fault in another very important particular. He omitted to make Ferry a party.

But we think this omission to make Ferry a party really shows that the complainant was not proceeding on a case of fraud and conspiracy between the defendant company and

Ferry, as the principal ground for relief.   The allegations respecting Ferry were to show reasons why the deed was accepted by the plaintiff company, and how the delay to institute proceedings was accounted for.   The word "fraud," as a term in legal proceedings, generally, is rather a legal conclusion than an independent fact.

In equitable remedies given for fraud, accident or mistake, it is the facts as found that give the right to relief, and it is often difficult to say, upon admitted facts, whether the error which is complained of was occasioned by intentional fraud or by mere inadvertence or mistake.   Indeed, upon the very same state of facts, an intelligent man, acting deliberately, might well be regarded as guilty of fraud, and an ignorant and inexperienced person might be entitled to a more charitable view. Yet the injury to the complainant would be the same in either case.

The substantial meaning of the cases cited by the appellant is, that the matters alleged in the bill as injurious to the complainant must be those proved on the trial and relied on by the court in awarding relief, and we think that the appellant has no reason to complain of the language of the court below in attributing the appellant's misconduct to mistake and inadvertence, rather than to intentional fraud.

The appellant was too late in making this objection, even if it had been well founded.   No such objection was taken in the District Court, when there would have been an opportunity for the plaintiff to amend his complaint, and such an objection was out of place and time when urged as a ground of appeal in this court.

Another assignment of error asks us to reverse the court below, because the complaint does not state a case entitling the plaintiff to any relief.   The claim is, that by the terms of the contract between the parties, as set forth in the complaint and shown in evidence, the plaintiff was not entitled to a deed at the time of bringing the action; that the conditions upon which the deed was to be delivered had not yet been performed.

Such a contention seems quite inconsistent with the allega-

tions of the answer of the defendant in the court below, averring the delivery of a proper deed by the defendant to the plaintiff, and with the finding of the court that a deed had passed, and the payment of a portion of the purchase money, and the security of the rest by a mortgage upon the property so conveyed.

The argument, however, discloses that the plaintiff seeks to overturn the decree below, because the agreement which was set up in the complaint, and which recited the execution of the deed, does show that the deed was not to be delivered until a certain controversy pending between the defendant, the Wasatch Mining Company and third parties, and affecting the title to the lands in dispute, should have been determined in favor of the Wasatch Mining Company when the entire purchase money should be paid, and because it appears from the complaint that said suit was not yet determined, nor said purchase money paid, at the time this action was commenced.

The proceedings in the District Court and the findings show that, without awaiting the determination of the outstanding controversy, the deed in question was delivered and accepted, and the unpaid portion of the purchase money, instead of being paid in cash, was secured to be paid by a mortgage given by the Crescent Mining Company to the Wasatch Company.

This was plainly a fulfilment of the contract in a modified form, agreed to by both the parties, and the assignment of error resolves itself into a contention that the bill of complaint did not, in terms, allege the modification of the agreement in the particulars mentioned, and did not aver a waiver of the condition that the deed was not to be delivered until the pending suit with third parties should be determined, and that therefore the case made and found was different from the one alleged.

The same answer is applicable to this objection that was made to the one first considered, — it came too late. In the District Court the defendant did not demur to the complaint as asking a form of relief inconsistent with the terms of the contract alleged, but by an answer and cross-bill brought all

the facts before the court; nor did the defendant object to plaintiff's evidence as exhibiting a different case from that asserted in the bill.

The Supreme Court of the Territory rightfully held that the defendant should have raised the question in the trial court, where ample power exists to correct and amend the pleadings; and, not having done so, but having gone to trial on the merits, the defendant was precluded from assigning error for matters so waived.

The doctrine on this subject is well expressed in the case of *Tyng* v. *Commercial Warehouse Co.*, 58 N. Y. 308, 313: "No question appears to have been made during the trial in respect to the production of evidence founded on any notion of variance or insufficiency of allegation on the part of plaintiff. Had any such objection been made it might have been obviated by amendment in some form or upon some terms under the ample powers of amendment conferred by the Code of Procedure. It would therefore be highly unjust, as well as unsupported by authority, to shut out from consideration the case as proved, by reason of defects in the statements of the complainant. Indeed, it is difficult to conceive of a case in which, after a trial and decision of the controversy, as appearing on the proofs, when no question has been made during the trial in respect to their relevancy under the pleadings, it would be the duty of a court, or within its rightful authority, to deprive the party of his recovery on the ground of incompleteness or imperfection of the pleadings."

No injustice is done the appellant by thus disposing of this objection, because the facts conclusively show that the written contract between the parties was not annulled or a new one substituted, but that it was substantially executed — the defendant simply accepting other conditions than those stipulated in its favor and delivering a deed as averred in the complaint.

Upon the facts as found, we are satisfied that the court below committed no error in its decree, and it is accordingly

*Affirmed.*