## UNITED STATES vs. SOLOMON MEHEULA.

### May 23, 1904.

*Criminal Law.—Practice in Jury Trials.—Proof of Corpus Delicti*: The defendant contended that the corpus delicti should be proved independently of any admission by defendant, and that evidence of the relation of defendant to the corpus delicti could not be taken until the corpus delicti was proved. *Held*, that evidence of defendant's admissions relating to the corpus delicti was properly allowed to go to the jury, so far as this objection was concerned, there being other evidence tending to corroborate and strengthen the proof thereof, and that full proof of the corpus delicti independently of confessions is not required, and the time of the introduction of the different classes of evidence is not of consequence.

*Evidence.—Proof of Status of Alleged Officer*: Evidence that defendant acted as clerk of the House of Representatives, performed the duties of such office and was recognized by others as such officer, is sufficient that he was such officer.

*Practice.—Consideration of New Point at Close of Argument on Motion:* After argument on the motion, the court suggested to counsel the question of the admissibility of evidence of defendant's testimony before the federal Grand Jury, the point not having been raised during the trial, and allowed argument thereon. *Held*, that it was not too late to consider the question, the defendant, through the oversight of his counsel, not having had the benefit of the consideration thereof during the trial.

*Criminal Law.—Practice.—Jury Trial.—Question of Use of Evidence of Defendant's Testimony before Grand Jury*: The introduction of evidence of defendant's testimony before the Grand Jury was improper under the provisions of Section 860 R. S. and he is entitled to a new trial free from such evidence.

Criminal Law: Motion for New Trial.

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

C. W. Ashford, for the Defendant.

DOLE, J. The defendant was indicted for violation of Section 5408 of the Revised Statutes, by feloniously destroying certain records deposited with him and in his custody as an officer. He demurred to this indictment, the main point of the demurrer being that it did not appear by the indictment that this defendant was an officer of the United States, or an officer at all within the meaning of the statute or of the Constitution and Laws of the United States, and that it did not appear that the records referred to had been deposited with or were in the custody of any judicial or public officer of the United States. The defendant's official position in relation to the said charge was that of Clerk of the House of Representatives of the Hawaiian Legislature, and it was contended by defendant's counsel that such official position did not make him an officer within the statute, i. e., that to be within the statute he must be an officer of the United States. This demurrer was overruled and the case was set for trial at the April, 1904 Term, with the result that a verdict of "guilty" was returned by the jury. Before sentence the defendant moved for a new trial, on the following grounds:

"1. That said indictment does not state facts sufficient to "constitute an offense as having been committed by said de-"fendant, under Section 5408 of the Revised Statutes, or under "any law of the United States.

"2. That said verdict was contrary to the law, and contrary "to the evidence, and to the weight of evidence adduced upon "said trial; and is not justified or supported by evidence adduced "upon said trial.

"3. For that the court, upon said trial, committed errors "of law, in the admission of evidence against defendant's ob-

"jection as per the reporter's notes thereof; and in the rejection "of evidence offered by the defendant, as per the reporter's notes "thereof, and in refusing to charge the jury as requested by "said defendant, as per said requests on file herein, to-wit, those "paragraphs of said request numbered respectively 1, 2, 11, 17, "18, 19, 21 and 23; and in having instructed the jury other- "wise than as requested by said defendant, and as excepted to, "before the retirement of the jury,—as per the notes thereof "made by the reporter.

"4. This motion is based upon the records and files herein, "and upon the notes and minutes of evidence, and other pro- "ceedings had upon said trial, as preserved by the reporter,— "and upon the minutes of the court taken upon said trial."

The first ground of the motion raised the question of the insufficiency of the indictment, being the same question raised on the demurrer in this case and which has been overruled. I see no reason for reconsidering that question.

During the trial of the case, a member of the Grand Jury was introduced as a witness, who testified to certain statements made by defendant under oath before the Grand Jury, to the effect that he never issued a warrant on the Treasury unless a voucher had been filed with him properly indorsed, which statements tended to show that the vouchers in question must have been deposited with him, as warrants covering the amounts thereof had been drawn on the Treasury.

The counsel for the defendant contended that the *corpus delicti* must be proved independently of any admission by defendant, and that evidence of the relation of the defendant to the *corpus delicti* could not be taken until the *corpus delicti* was proved.

I find that this is not the law, but that evidence showing the *corpus delicti* often tends to show by whom it was carried out, the two classes of evidence being intimately connected, and in such case, the time of the introduction of the different classes of evidence is of no consequence. In the case of *State v. Potter,* 52 Ver., 33, the court said on a similar point:

"Often the evidence which tends to show the *corpus delicti* * * * tends also to show that it was effected by criminal means and by the party charged. Such evidence would be admissible, notwithstanding, of itself, it would not be sufficient to show the *corpus delicti*. If other evidence in the case, when supplemented by that, would show the *corpus delicti,* and the criminal act of the respondent in causing it, the utmost requirement of the law in this respect would be answered. In such case the order of introducing the evidence would not necessarily be the subject of error in law. Often it is a matter of preference with counsel and discretion with the court. When all is in, then its legal application and force, as bearing on the subject of *corpus delicti,* may be challenged and tested, as well as on other elements of the crime charged against the respondent. * * * Any evidence tending to show that the respondent committed the act charged in the indictment would be legitimate, however the evidence might stand related to the *corpus delicti* as distinguished from other elements of the crime."

In *People v. Jones,* 31 Cal., 568, the court, referring to the case of *People v. Badgley,* 16 Wend., 53, said:

"While it is conceded that evidence of confessions alone, unsupported by corroborating facts and circumstances, is not sufficient to convict; and that there must be evidence *aliunde* of the *corpus delicti,* it was said that 'full proof of the body of the crime, the *corpus delicti,* independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient.' "

Best on Evidence, Sections 441 and 442, has the following remark on this point:

"In order to treat the subject (proof of *corpus delicti*) with accuracy, it is to be remarked, that in some offenses, the evidence establishing the existence of the crime also indicates the criminal, while in others the traces or effects of the crime are visible leaving its author undetermined."

Under these authorities, it appears that the evidence of defendant's admissions relating to the *corpus delicti,* was properly

allowed to go to the jury so far as it is affected by this objection, there being other evidence tending to corroborate and strengthen the proof thereof.

Defendant's counsel also contended that there had been no proof that the defendant was the clerk of the House of Representatives. It is in evidence that the defendant, before the Grand Jury, testified that he was the clerk, there was also evidence showing that he acted as clerk of the House of Representatives during the last regular session thereof, which covered the time laid in the indictment, performing the duties of such office, and was recognized by others as such clerk. I find that this is sufficient for the purposes of this charge.

"At the trial of an information against an officer in the army for false muster, it is sufficient to prove that he acted in the character mentioned in the information without proving his commission from the King." *Rev. v. Gardner,* 2 Camp., 512; *Wharton's American Criminal Law,* Sec. 653a and cases cited; *1 Greenleaf on Evidence,* Secs. 83 and 195.

After the motion for a new trial had been argued, some of the cases examined by the court in considering this motion, suggested the question of the admissibility of the evidence given by the member of the Grand Jury, of statements made by the defendant under oath before that body; and although no point had been raised on this question during the trial, and no objection had been made by defendant's counsel against the introduction of such evidence on that ground, yet it seemed to the court to be a desirable move in the interests of a fair trial to raise the point and to allow an opportunity for its discussion. Such an opportunity was suggested to counsel representing both sides of this case and they chose to take advantage of it and argument was made.

Section 860 of the Revised Statutes is the foundation of this question; it is as follows:

"Sec. 860. No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in

evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture; *Provided,* that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

Counsel for the prosecution contended in the first place that this section refers to evidence forcibly obtained from a person or against his will, or against his free choice; and second that no objection having been made to this question at the trial, and the evidence having been taken and the case continued to verdict, without objection or exception, the defendant has waived his right under this statute to object to its admission. The authorities furnished by the counsel for the prosecution support fully the position that the federal appellate courts will not consider any new matter which was not passed upon by the trial court, or being passed upon was not excepted to, unless it is a matter vital to the jurisdiction. But this matter being still before the trial court, it appears that although no objection was made to this evidence at the time it was introduced, and no exceptions made, yet it was proper and desirable, before it was too late, to give the defense an opportunity of making the objection. This being done, and this point having been argued in open court, the oversight of defendant's counsel was cured, and there is no prejudice to any one because of the taking up of the matter at this time, instead of at the time when it should have been considered. There are authorities which recognize the principle that an objection may not be taken when by delay in taking it, the other side is deprived of the opportunity of correcting whatever mistake he may have made, if the objection is good. For instance, in the case *Queenan v. Oklahoma,* 190 U. S. 548, the court ascertained during the course of the trial that one juror was disqualified by reason of felony and gave the defense an opportunity to state its wishes in relation thereto. The defense said it had nothing to say and the trial went on. After a verdict against the defendant he complained that

he was deprived of a constitutional right by the continuance of the case under the circumstances. It was ruled that the "prisoner "had no right to complain   *   *   *.  It was his duty to object "at the time if he was going to object at all."  In the case before the court the point was overlooked by defendant's counsel and it may therefore be said that defendant did not have his opportunity of objecting during the trial as in the above case, but he was allowed his objection later, the matter being still before the trial court and the general rules against the introduction of new points for the first time before appellate courts having, therefore, no application.  In the case of *U. S. v. McCoy*, 193 U. S., 593, it appears that copies of telegrams were introduced in evidence and not objected to.  Ruled on writ of error that:

"As the objection that the telegrams were not the best evidence because they were merely copies was susceptible of being cured, if insisted on, it follows that the failure to so insist and reserve the question was a waiver of the objection."  Also on this point,

*Wasatch Mining Co. v. Crescent Mining Co.*, 148 U. S., 298. This conclusion is obvious, but such a condition does not exist in the case at bar.  If the evidence had been objected to at the time it was offered, the defect was not susceptible of being cured and the prosecution is no worse off now than it would have been then if the evidence had been ruled out.  It therefore appears to me that the authorities offered by the prosecution on the point that the objection was not made at the trial, are not precedents against the allowance by this court of an opportunity to counsel for the defendant to make this objection to such evidence after the trial, and for argument thereon in open court.

On the first point made by counsel for the prosecution, towit, that Section 860 of the Revised Statutes only refers to evidence obtained from a witness by means of judicial proceedings which he is compelled to give or which is in the nature of

involuntary evidence, I do not find that he is supported by the authorities. The wording of the statute offers no loophole for such a construction, it says no "discovery or evidence obtained "from a party or witness by means of a judicial proceeding in "this or any foreign country shall be given in evidence or in any "manner used against him or his property or estate in any court "of the United States, in any criminal proceeding or for the en-"forcement of any penalty or forfeiture." In the case of *Counselman v. Hitchcock,* 142 U. S. 564, the court, in discussing the extent of the application of this statute, says, after quoting the statute:

"It follows that any evidence which might have been obtained from Counselman by means of his examination before the Grand Jury, could not be given in evidence or used against him or his property in any court of the United States in any criminal proceeding, or for the enforcement of any penalty or forfeiture. This, of course, protected him against the use of his testimony against him or his property in any criminal proceeding in a court of the United States."

The court, going on, decided that such testimony might be used to search out other testimony to be used in evidence against him or his property in a criminal proceeding in such court and generally to use such evidence as a guide in looking up the case against the defendant.

Under this authority, the statements given by defendant before the Grand Jury, were illegally used against him at the trial and he is entitled to a trial free from such evidence. On this ground, therefore, the motion for a new trial is allowed.