### CITY OF SOUTH HOUSTON et al. v. CARMAN.*

### CARMAN v. CITY OF SOUTH HOUSTON et al.

(Circuit Court of Appeals, Fifth Circuit. May 5, 1925.)

No. 4472.

1. **Appeal and error �544(2)—In view of limited assignments and exceptions, review limited to whether court's special findings support judgment.**

There being no exceptions or bills reserved to admission or rejection of evidence, and all assignments of error running to the court's special findings of fact and failure to find other facts, and to the entering of judgment, review is limited to whether the facts found support the judgment.

2. **Municipal corporations �147—Commissioners appointed by mayor, when they should have been elected, de facto officers.**

Though both commissioners of an incorporated village resigned, so that under law of Texas, the vacancies should have been filled by election, the mayor's appointees to the vacancies, having acted as commissioners, were de facto officers.

3. **Municipal corporations �17—Town held de facto corporation relative to liability for debt.**

Though the commissioners of an incorporated village, who with its mayor took the regular steps for making it a town of the second class, were only de facto officers, and though the village had not sufficient population to support the new status, the town was a de facto town or corporation, so as to make applicable Acts 38th Leg. Tex. (1923) c. 142 (now Rev. St. 1925, arts. 1262, 1263), as to liability for its debt created before its incorporation was by court declared void.

4. **Municipal corporations �921(1)—No fraud shown, preventing liability for face of warrants sold at discount.**

Under facts, held, no fraud was shown as to warrants of a town, issued for improvements before court declared its incorporation void, so as to prevent it, or its successor, being liable for their full face, though they were sold through brokers at a discount of 15 per cent.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action by John L. Carman against the City of South Houston and others. Judgment for plaintiff for less than prayed, and both parties bring error. Reversed and remanded, with instructions.

*Certiorari denied 46 S. Ct. 22, 69 L. Ed. ——.

Lewis R. Bryan, of Houston, Tex., for plaintiffs in error.

Robert L. Cole, of Houston, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. John L. Carman, a citizen of Michigan, brought suit against the city of South Houston, her mayor, and commissioners, all citizens of Texas, to recover on 21 street improvement warrants and 10 public improvement warrants, each for $500, aggregating $15,500. All of the warrants were dated March 15, 1916, bore 6 per cent. interest, payable semiannually, for which coupons were attached. They were made payable to F. J. Lytle (a contractor), his assigns, or bearer. Two of the street improvement warrants and one of the public improvement warrants matured March 15, 1922, and the same number annually thereafter.

The jury was waived by written stipulation. At the close of the evidence, both plaintiff and defendants asked the court for special findings of fact, and both moved for judgment. The court made special findings of fact as follows:

"That the town was in 1915 properly incorporated as a village, which had a maximum constitutional tax limit of 25 cents for all purposes.

"That as a mathematical proposition, to support the warrants in question, it required an available tax levy far in excess of the village's capacity.

"That the de jure officers of the village did not, and did not attempt to, adopt the provisions of the statutes which would make their village a town of the second class.

"That the change of corporate status was sought to be effected by the appointment by the mayor of a commissioner, and by the appointment by the mayor and the new commissioner of a third.

"That there was not in South Houston sufficient population to support the new status, which the commission thus created sought to give the village, and that the commissioners knew that fact.

"That the acts of this commission, created as above, in adopting the provisions of the statute, was a direct fraud upon the law and the taxpayers of South Houston, and was known to such officers to be a fraud.

"That the certificate furnished Mr. Sluder as to the tax assessment and as to population, etc., were deliberate falsehoods, but their falsity was not known to Mr. Sluder.

"That these subterfuges and falsehoods were known to J. L. Arlitt, and were in fact prepared and engineered by him, for the purpose of obtaining the warrants issued and giving them currency.

"That J. L. Arlitt was not the agent of Kidder & Co., nor of the town of South Houston, nor was he the purchaser of these warrants, except as a sales broker, whose real business and connection with this case was to effect sales by furnishing a way station in the course of the transit of the warrants from seller to buyer.

"That Arlitt, as broker, paid South Houston 85 cents on the dollar for the warrants and Kidder, the purchaser, paid Arlitt 93 cents.

"The 85 cents paid by Arlitt to the village of South Houston was received by its officers, and was used by them to make the improvements for which they were issued, except $965, which was used for the payment of interest on the warrants.

"After the warrants had been sold, and when only a small part of the purchase money had been spent, South Houston had its regular election, and elected its de jure officers and mayor and commissioners, and these officers received and disbursed the major part of the warrant fund, and authorized the levy of a tax for their payment, and, if they had the power to ratify, they did sufficient acts to constitute ratification.

"There is not in the minutes of South Houston any order authorizing the issuance of these warrants, or the levy of any tax for the specific issue, though the certificate of the proceedings delivered to Mr. Sluder showed a copy of such order and tax levy of 8 cents for $500 and 15 cents for $10,500.

"This levy was based upon the theory of an assessed value of $875,000 for 1915, and was insufficient to provide the constitutional sinking fund and interest on the true value of 1915 of $278,945, or for 1916, $423,559.

"There was an ordinance passed levying the 25 cents and 15 cents for the making of improvements, which was an insufficient levy on the basis of $278,945, and sufficient on the basis of $423,559.

"The court finds that all the steps taken by the commission of South Houston to change its corporate status were regular in form and on the face thereof, and that the defendant South Houston thereafter functioned on the basis of such enlarged or changed corporate status, and continued to levy taxes at 65 cents on the $100, which was only within the power of a municipal corporation of such enlarged status, until the same was declared void in cause No. 89417, R. C. Adams et al. v. I. W. Clark, Mayor, et al., in the Fifty-Fifth judicial district court of Harris county, Texas, in a judgment entered on September 29, 1921, and that up to said time said defendant South Houston constituted the de facto city of South Houston, within the purview of chapter 142 of the Acts of the Thirty-Eighth Legislature, page 309."

[1] In general, the assignments of error by both parties run to the findings of facts by the court, to the failure to find other facts as requested, and to the entering of judgment. There were no exceptions or bills reserved to the admission or rejection of any evidence. In this situation this court is limited to a consideration of whether the facts found by the District Court would support the judgment rendered. Bank of Waterproof v. Fidelity & Deposit Co. of Maryland (C. C. A.) 299 F. 478.

[2-4] Considering the law of Texas, from the facts found by the District Court and the allegations of the pleadings, which are not denied, and which it is unnecessary to quote in full, the case is this: South Houston was a legally incorporated village in 1915. Both of her commissioners resigned, leaving only the mayor in charge. He appointed two new commissioners, which was illegal under the law of Texas. Had only one commissioner resigned, the mayor and the remaining commissioner could have elected his successor; but, when two vacancies occurred, the election to offices could be filled only by an election by the people. After this illegal filling of the vacancies, the commission thus created attempted to change the status of the village to that of town, contracted for the public improvements, and issued warrants to pay for same in the manner set out in the findings of facts. Negotiations were opened with Kidder & Co., through Arlitt, for the sale of the warrants. Kidder & Co. had the proceedings investigated by Sluder, a competent attorney of standing, and on the faith of the representations made by the officers of South Houston and with the approval of Sluder the purchase was made. The plaintiff in this case subsequently acquired the warrants from Kidder & Co.

There is nothing to distinguish this case in principle from the cases of City of Sour Lake et al. v. Vernon H. Branch (No. 4504 on the docket of this court) 6 F.(2d) 355, decided this day, and the case of Shapleigh v. San Angelo, 167 U. S. 646, 17 S. Ct. 957, 42 L. Ed. 310. The irregularity in the attempted incorporation does not seem to have been

any greater than that shown in those cases. The administration of the village of South Houston was illegal, but nevertheless the commissioners appointed by the mayor were de facto officers, occupying de jure offices. In Norton v. Shelby County, 118 U. S. at page 446, 6 S. Ct. 1127, 30 L. Ed. 178, in defining de facto officers, the court said:

"An officer de facto is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the office are exercised: * * * Without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be. * * * "

No one in South Houston seemed to be greatly shocked at the appointment by the mayor of the two commissioners and their subsequent assumption of the offices. After that new officers were elected by the people, and they retained and spent the money, the proceeds of the warrants. The community itself apparently received full benefit from the amount of money obtained, and it does not appear that the officers of the town converted any of it to their own use. It is true the warrants were sold at a considerable discount, but doubtless many obligations of small towns are sold at an actual discount of 15 per cent., and the discrepancy is not so great as to be unconscionable. No one complained of the attempted change in corporate status for several years, or until the warrants began to mature.

It is true the court found above that the attempted incorporation of South Houston as a town was a fraud on the law and a fraud on the taxpayers. "The word 'fraud,' as a term in legal proceedings, generally, is rather a legal conclusion than an independent fact." Wasatch Min. Co. v. Crescent Min. Co., 148 U. S. 293, 13 S. Ct. 600, 37 L. Ed. 454.

It would seem that the manner of doing things, rather than the result obtained, was what led the District Court to find that the transaction was tainted with fraud; but, notwithstanding all this, Kidder & Co. and the plaintiff in this case cannot appear in any other guise than that of innocent purchasers for value without notice. Conceding arguendo that the warrants were open to any defenses that might have been urged against the original contractor, still he, though an employee of the city originally, apparently delivered full value for the money he received. We do not think there was sufficient fraud shown to nullify the warrants. Furthermore, the court found that neither Kidder & Co., who were the purchasers, nor their legal representative, who examined the proceedings before the warrants were purchased, had any knowledge of the fraud.

Under the law of Texas, whether the present village of South Houston be considered the successor of the improperly incorporated town, or as the de facto town itself, is immaterial. The inhabitants of the territory are responsible for the debts created by the de facto corporation, and taxes may be levied for the purpose of paying those debts. Chapter 142, p. 309, Acts 38th Legislature, now articles 1262–1263, Rev. Stat. Texas of 1925.

We think the court should have entered judgment on the facts found for the face of the warrants then due, with accrued interest, less, of course, the amount that had been paid. In all other respects the judgment was right. The judgment is reversed, and the case remanded, with instructions to enter judgment in favor of plaintiff in conformity with this opinion

Reversed.