## Case No. 6,463.

HIDDEN v. SLATER MUT. FIRE INS. CO.

[2 Cliff. 266.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1864.

FIRE INSURANCE — CHARACTER OF THE CONTRACT —INSURABLE INTEREST—LESSOR.

1. Policies of insurance against loss by fire are contracts of indemnity; and if the insured parts with his interest in the property before the loss, it invalidates the contract and releases the insurer.

2. Buildings held under a lease may be insured against loss by fire, but the policy, in such

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

a case, becomes invalid, if the lessee, by mortgage and foreclosure, or otherwise, parts with his interest in the leasehold estate before the loss occurs.

3. The covenant in a lease of real property, to pay an amount in addition to a specified rent, equal to taxes and the cost of insurance for a certain sum, confers no authority upon the lessee to insure the buildings on the leased premises for the benefit of the lessor.

4. Such a covenant still leaves it optional with the lessor to insure or not as he may choose, and when and where he pleases; but if he neglects to insure, the lessee has nothing to pay on that account.

5. Viewed in any light, the case shows that the insured had parted with his interest before the loss, and therefore the plaintiff cannot maintain this action, as he cannot have any greater right than the insured.

Action of assumpsit on a policy of insurance. The case was submitted upon an agreed statement of facts. Suit was brought by the plaintiff [James C. Hidden], as executor and trustee under the will of William Hidden, deceased, to recover the amount of a certain policy of insurance which was issued by the corporation defendants to one Hervey M. Richards on the 30th of December, 1858, to continue for the term of one year, but it was agreed that the policy was renewed from time to time, and was in full force at the time of the fire. The plaintiff, as trustee and executor as aforesaid, on the 31st of December, 1853, leased to Hervey M. Richards, for the term of ten years, a certain parcel of land known as the "Union House Estate," containing about one and three quarters acres, with a dwelling-house and other buildings and improvements thereon, and reserving an annual rent of $400; the lessee paying in addition thereto "an amount of money equal to the aggregate sum of all national, state, town, district, road, school, or other taxes which may have been imposed upon said estate or upon its owners on account of ownership thereof, during the year preceding"; and also "an amount of money equal to the expense which may have been incurred in keeping said house insured against fire in the sum of $3,350, for the benefit of the lessor, subject to the provisions of the lease as hereinafter set forth." Payment of "the rent, taxes, and insurance" was to be made to the lessor at his residence at Attleboro', and in case of the destruction of the buildings by fire, the lessee, at his option, might surrender the lease, or might require the lessor to expend the proceeds arising from the policy of insurance, in erecting new buildings, or in case of partial loss, in the repairing of those injured. On the 27th of August, 1857, the lessee executed a mortgage of his leasehold interest to H. N. Dugget. The lessee's application for insurance was dated on the 16th of July, 1858, and the case showed that it was for a policy in the sum of $3,350. This was done without any notice to the defendants, of the prior mortgage. Pursuant to this application a policy

was issued on the 30th of December, 1858, to Hervey M. Richards, on his interest as lessee, in the sum of $3,000 on the frame hotel buildings known as the "Union House," and on the addition to the same, and $350 on the stable buildings attached to the addition. The memorandum in the policy of insurance was, "payable, in case of loss, to James C. Hidden, executor of the estate of the late William Hidden, and the lessor." The renewal certificate was duly issued on the 31st of December, 1859, but no notice was then given to the defendants of any change in the condition of the property. On the 17th of January, 1860, the renewal certificate was returned in a letter from the insured to the defendants, and they were informed that he had, some twelve months before, assigned his lease to H. N. Dugget. He also requested them, if the assignment would operate to invalidate the policy, to make out a new policy in Dugget's name. Instead of complying with the request, the defendants, on the 18th of January in the same year, through their secretary, returned the certificate, suggesting, however, that the better way would be that the insured should assign the policy to the lessee, and forward the same to the office of the company to be attested. No attention was paid to the suggestion, and nothing further was done upon the subject. The fire occurred on the 18th of May, 1860, and on the following day the insured sent a letter signed by H. N. Dugget, to the defendants, informing them that on the night previous the Union House property had been destroyed by fire, and was a total loss. On the 23d of May in the same year, the plaintiff presented the proof of loss to the defendants, but they objected to it, and subsequently a further statement was filed by the insured. About ten months before the fire, the insured went into insolvency under the laws of Massachusetts, where the insured property was situated, and Simeon Bowen and H. N. Dugget were appointed the assignees of his estate. The case further showed that H. N. Dugget, the mortgagee of the leasehold estate of the insured, ten months before the fire, in conformity with sections 6-8, c. 151, Rev. St. Mass., gave the notice therein required, of his intention to foreclose the mortgage for breach of the condition thereof. Accordingly the mortgagee took possession of the leasehold interest in the property, and thereafter the insured acted as his agent to collect rents, and that relation between them existed at the time of the fire.

A. Payne, F. F. Colwell, and J. P. Knowles, for complainant.

B. F. Thurston and J. M. Ripley, for respondents.

CLIFFORD, Circuit Justice. The insurance was in the name of Hervey M. Richards, lessee, and the terms of the policy show beyond controversy that it was an insurance upon his leasehold estate. The terms of the lease neither required nor authorized him to effect insurance in the name, or even for the benefit of his lessor. The covenant was to pay an amount of money equal to the expense which may have been incurred in keeping said house insured against fire, in the sum therein specified, during the year preceding, but if no amount was expended by his lessor for that purpose, within the preceding year, then he had nothing to pay on that account. The lessor reserved the right to effect the insurance, and of course had the right to select the company and make the contract. The lessee might insure his own leasehold interest, but he could not insure anything more, unless he had made improvements. Undoubtedly he had made improvements, but the case shows that those improvements were insured in another office, so that he had no interest that was the subject of insurance, except that which he derived under his lease, and having parted with that before the loss occurred, he cannot maintain his action. Authorities are not necessary at this day to show that a policy of insurance is a contract of indemnity, and that if the insured parts with his interest in the property before the loss, and no new contract is made, it avoids the policy. Hoxsie v. Providence Mut. Fire Ins. Co., 6 R. I. 517; Lynch v. Dalzell, 3 Brown, Parl. Cas. 497; Sadlers' Co. v. Badcock, 2 Atk. 554; Ang. Ins. § 55; Wilson v. Hill, 3 Metc. (Mass.) 66; Carpenter v. Providence Mut. Ins. Co., 16 Pet. [41 U. S.] 495.

Had the lessee covenanted to keep the premises insured during the term, and if the policy had been executed upon that subject-matter, it may be that the rule would be otherwise, but it is unnecessary to express any decided opinion upon that point, as no such question is presented by the facts in the case. According to the agreement of the parties, the verdict must be set aside, and judgment must be entered for the defendants.