## SPARE *v.* HOME MUT. INS. CO.

*(Circuit Court, D. Oregon. March 28, 1883.)*

**1. FIRE INSURANCE—CONTRACT FOR.**

A contract for insurance against loss by fire is a contract of indemnity; and a contract to that end with a person who has no insurable interest in the property, or cannot sustain any pecuniary loss by injury thereto, is a mere wager, contrary to public policy and void.

**2. SAME—INSURABLE INTEREST.**

Any person who has a legal or equitable interest in property, or is so related to it that an injury to it may cause him pecuniary loss, has an insurable interest therein.

**3. SAME—JUDGMENT CREDITOR.**

A judgment creditor has an insurable interest in the property of his debtor; but he cannot recover from the insurer upon an injury thereto as for a loss to himself, unless he also shows that the judgment debtor has not sufficient property left out of which the judgment can be satisfied.

4. SAME—VOID CONTRACT—ESTOPPEL.

   While the insurer may be estopped to insist on conditions and restrictions contained in a policy issued with a knowledge of facts inconsistent therewith, neither party to a contract of insurance which is void, as being contrary to public policy, is estopped to deny its legality.

Action to Recover Damages on Fire Insurance Policy.

*W. Scott Beebe,* for plaintiff.

*Cyrus Dolph,* for defendant.

DEADY, J. The plaintiff, a citizen of Oregon, brings this action against the defendant, a corporation formed under the laws of California and doing business in Oregon, to recover the sum of $900 with interest since March 1, 1882, on a policy of insurance for that amount against loss by fire. The case was heard upon a demurrer to the complaint. The question argued was, had the plaintiff an insurable interest in the property destroyed?

From the amended complaint it appears that on July 26, 1881, Aaron and Ben Lurch were partners under the name of "Lurch Brothers," and as such, owned a lot in Cottage Grove, Lane county, Oregon, of the value of $100, together with a warehouse thereon of the value of $1,300; that on December 1, 1878, the plaintiff obtained a judgment against said firm, in the circuit court of the state for said county, for the sum of $4,500, which judgment was duly docketed before said July 26th, and thereafter was a lien thereon; that on said last-mentioned date the defendant, in consideration of the premium of $18.90, paid to it by plaintiff, insured him against loss or damage by fire, to said warehouse, for one year, in the sum of $900; and that on February 14, 1882, said warehouse was totally destroyed by fire, whereby the plaintiff was damaged $1,300. The complaint also states that on March 1, 1882, the proof of loss was furnished and the same adjusted at $900, and that the defendant at all the times mentioned well knew that the property was owned by Lurch Brothers, and the nature of the plaintiff's interest therein.

A contract for insurance against fire with a person not having an insurable interest in the property, or subject of the insurance, is a mere wager, and considered void on grounds of public policy. For where the only interest that the assured has in the property is its destruction by fire, the transaction is a direct incentive to fraud and arson. A lawful contract of insurance against fire is, therefore, a contract of indemnity—an engagement to make good to the assured a pecuniary loss sustained by him on account of injury to the property in question. Therefore it is said that the assured must have an

interest in the property injured, for otherwise he can suffer no loss thereby. Wood, Fire Ins. § 248; *Rohrbach* v. *Germania Fire Ins. Co.* 62 N. Y. 52; *Grevemeyer* v. *S. Mut. F. Ins. Co.* 62 Pa. St. 340; *McDonald* v. *Adm'r of Black*, 20 Ohio, 191; *Carter* v. *Humboldt Fire Ins. Co.* 12 Iowa, 287; *Godin* v. *London Assurance Co.* 1 Burr. 490; *Hancox* v. *Fishing Ins. Co.* 3 Sumn. 134. But what is such an interest in the property is not altogether clear upon the authorities.

In *Hancox* v. *Fishing Ins. Co., supra*, 140, Mr. Justice STORY says "that an insurable interest is *sui generis*, and peculiar in its texture and operation;" and that "it sometimes exists where there is not any present property or *jus in re*, or *jus ad rem*." In *Rohrbach* v. *Germania Fire Ins. Co., supra*, 54, FOLGER, J., said this interest need not amount to a legal or equitable title to the property, but that "if there be a right in or against the property, which some court will enforce upon the property,—a right so closely connected with it, and so much dependent for value upon the continued existence of it alone, as that a loss of the property will cause pecuniary damage to the holder of the right against it,—he has an insurable interest."

Accordingly it has been held that a person having a specific lien upon property as a security for a debt, such as a mechanic or mortgagee, has an insurable interest therein; and that, although he may also have the personal obligation of his debtor for the payment of the same. *Carter* v. *Humboldt Fire Ins. Co., supra.* And in *Herkimer* v. *Rice*, 27 N. Y. 163, it was held that the creditors of an insolvent estate had an insurable interest therein, upon the ground that the same was pledged by the law to the payment of the debts of the deceased. See, also, comments on Chief Justice DENIO's opinion in this case by FOLGER, J., in *Rohrbach* v. *Germania Fire Ins. Co., supra*, 57. But no case has been found in which it was held that a judgment creditor, by reason simply of his lien on the judgment debtor's property, has an insurable interest therein. In *Grevemeyer* v. *S. Mut. Fire Ins. Co., supra*, it was distinctly held that he had not. The decision is placed on the ground that "a judgment is a general and not a specified lien. If there be personal property of the debtor it is to be satisfied out of that. If there be not, then it is a lien on all his real estate without discrimination, and hence the plaintiff is not interested in the property as property, but only in the lien." It does not appear from the report of the case whether the debtor had other property out of which the judgment might have been satisfied or not.

In considering this question it ought not to be overlooked that insurance against loss, to the party insured, by fire, is a transaction intended and calculated to preserve and promote the financial security and stability of the community, and therefore ought to be regarded with favor, and upheld by the courts. On the other hand, a wagering policy by which the assured is to receive the insurance upon the destruction of the property, although he lost nothing thereby, the courts will not enforce. But, in my judgment, whoever is in danger of loss by fire ought to be allowed to insure against it. Whenever it appears that the assured has a pecuniary interest in the preservation of the subject-matter of the insurance against injury by fire, he has such an interest therein, or holds such relation thereto, as gives him a right to protect himself by insurance.

A judgment creditor, in Oregon, upon the docketing of his judgment, has a lien upon all the real property of the judgment debtor within the county as a security for his debt. Or. Code, Civil Proc. § 266. But such lien cannot be enforced if sufficient personal property can be found to satisfy the judgment. Id. § 273.

Under these circumstances, if it appears that the debtor has no personal property, and that his real property, with the combustible improvements thereon, is not more than sufficient to satisfy the judgment, I think the creditor ought to be regarded as having an insurable interest. Although he has no legal or equitable title to or interest in the property, he certainly sustains such a relation thereto that any injury to it would cause a corresponding loss to him; and nothing more than this can be said of the right of a mortgagee, mechanic, or even the legal owner, to insure. In the *corpus* of the property insured he may have no interest or estate, but he has a pecuniary interest in its preservation, and may sustain a loss by its destruction. *Springfield F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 389.

But when the judgment debtor has personal property, out of which the judgment can be made, or when the real property upon which it is a lien is clearly more than sufficient for that purpose, is the judgment creditor thereby precluded from protecting himself by insurance against possible loss from injury to his security by fire? This is a question upon which no direct decision has been found, except the one in *Grevemeyer* v. *S. Mut. F. Ins. Co.*, *supra*. But, upon general principles, I think the creditor has an insurable interest; that is, he sustains such a relation to the subject as gives him an interest in its preservation against fire. The law gives the judgment creditor a lien

on his debtors' real property as a security for his debt, and whatever may be its value as compared with the amount of the debt, if this value is chiefly or even partly owing to the buildings thereon, and is therefore liable to be depreciated by fire, the creditor sustains such a relation to the property that he may insure against loss by this injury to his security. And the fact that the debtor has more or less personal property at the time is immaterial. When the creditor concludes to enforce his judgment, this personal property may have been destroyed or disposed of. And so if the real property to which the lien extends, and upon which the insurance is affected, is then of much greater value than the debt, it may be of much less value before the creditor levies his execution upon it. And if in the meantime it should be injured by fire, he would sustain a loss which he ought to be allowed to protect himself against by insurance. But, nevertheless, the lien of a judgment creditor is a general, and not a specific, one. And, although, as we have seen, circumstances may, in particular cases, make it the same in effect as a specific lien, these are not to be presumed, but must be shown.

The contract for insurance being one for indemnity only it follows that, while the judgment creditor may insure himself against loss by injury from fire to the whole or any part of his security,—the property upon which his judgment is a lien,—yet before he can recover on such contract as for a loss sustained by the peril insured against it, it must appear that at the time of the fire the amount of the judgment could not have otherwise been made on an execution against the property of the judgment debtor. If, notwithstanding the injury to the debtor's property by fire, he has sufficient left, out of which the judgment may be made, the creditor has sustained no loss, and can recover nothing from the insurer. His contract was against loss to himself by fire, not his debtor.

Now the complaint in this case is silent upon this point. True, it is alleged that the plaintiff sustained a loss by the burning of the warehouse. But as that conclusion does not necessarily follow from the premises, the allegation is not sufficient. The complaint should contain a statement of the facts showing the plaintiff's right to recover. And as his lien was *prima facie* a general one on all the judgment debtor's real property, and not a specific one on this warehouse only, and was in effect conditioned on the debtor's want of personal property to satisfy the judgment, the complaint ought to show how the plaintiff sustained a loss by this fire—as that the warehouse was all the property of the judgment debtor subject to execution, or that what

was left would not more than satisfy the remainder of the judgment.

The plaintiff also contends that the defendant, being well aware of the nature of his interest in the property at the time he affected the insurance thereon, is now estopped to say that he had not an insurable interest therein. Conditions and restrictions contained in a policy may be considered waived by a knowledge, on the part of the insurer, of facts inconsistent therewith. In such case the insurer may be estopped to insist on the condition, as that no other insurance existed on the property. Wood, Fire Ins. § 498. But a contract of insurance entered into contrary to law or public policy is simply void, and neither party to it is estopped from showing the fact. "Otherwise the public law and policy would be at the mercy of individual interest and caprice." *In re Comstock*, 3 Sawy. 228.

If the plaintiff sustained no such relation to this property as entitled him to have it insured against injury by fire, his contract with the defendant to that effect was a mere wagering policy, and void, as being contrary to public policy. But, in my judgment, the plaintiff was entitled to insure the property; he had a pecuniary interest in its preservation, and might protect himself against possible loss by its destruction. His was not a wagering policy, as his right to the insurance was conditioned not simply on the destruction of the property, but also his loss thereby. However, his interest being that of a judgment creditor, an injury to the property of his debtor was not necessarily a loss to him. That depended upon the condition in which it left the debtor. If he still had sufficient property liable to an execution wherewith to satisfy the judgment, the creditor lost nothing by the fire. As happens every day, he simply insured against a possible loss, which he was fortunate enough not to sustain.

The demurrer is sustained.