## M. S. DOLLAR S. S. CO. v. MARITIME INS. CO.

(Circuit Court, N. D. California. November 7, 1906.)

### No. 13,835.

1. INSURANCE—ACTION ON MARINE POLICY—DEMURRER TO COMPLAINT.

The scope and effect of a marine policy of insurance, in which the "warranted free from capture, seizure and detention" clause had been stricken out, *held* not determinable on demurrer to a complaint thereon to recover for a loss by capture as between the conflicting theories of the parties.

2. SAME—SUFFICIENCY OF COMPLAINT—ALLEGATION OF PLAINTIFFS' INTEREST.

In an action on a policy of marine insurance to recover for a loss of the vessel, the complaint should show the nature of the plaintiffs' interest therein, and it is insufficient to allege merely the value of such interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1582, 1583.]

At Law. On demurrer to complaint.

Frank & Mansfield, for plaintiff.

Van Ness & Denman, for defendant.

WOLVERTON, District Judge. Demurrer to amended complaint in action upon a maritime insurance policy.

The complaint, after setting out the fact of the issuance of the policy, the consideration, etc., further shows:

"That the said insurance was an insurance lost or not lost at and from San Francisco to Vladivostock while there, and thence back to a safe neutral port, warranted to clear on or before January 31, 1905, or held covered at premium to be arranged."

Then, by paragraph 4:

"That the said policy so issued as aforesaid is an usual form of marine policy, containing the warranted free of capture, seizure, and detention clause as follows: 'Warranted free of capture, seizure and detention, and the consequences thereof, or of any attempt thereat, piracy excepted, and also. from all consequences of riots, insurrections, hostilities or warlike operations, either before or after declaration of war.' That in said policy the said clause and warranty so referred to as aforesaid is canceled, and the said policy in and by its terms expressly covers the risks in said clause mentioned, and the said steamer was then and there by the terms of said policy insured against the risk of capture, seizure, and detention, and the consequences thereof, or of any attempt thereat, piracy excepted, and also from all consequences of riots, hostilities, or warlike operations, either before or after declartion of war, and with liberty to run blockades."

Then follow appropriate allegations of loss by seizure, capture, detention, and confiscation, and of the furnishing defendant with proper proofs thereof. Plaintiff's interest in the property insured is stated in paragraph 8 thus:

"That the said plaintiff's interest in said vessel at the time of effecting the said insurance and at the time of the loss herein alleged was equal in amount to her said value as in said policy set forth."

It is first insisted, in support of the demurrer, that the complaint is fatally defective, because it does not show that the seizure causing the

loss, namely, by a Japanese man of war, was a risk insured against; the argument of defendant's counsel being that the policy was cast in exclusion, that is it was designed to cover those risks only contained in some other policy or policies excluded by the "warranted free from capture, seizure, and detention" clause, and, therefore, that the other policies, whatever those be, should be set forth in order to determine what the real risk insured against was. On the other hand, the plaintiff contends that the policy expressly covers those risks which are excluded in the usual form of marine policies.

The policy is manifestly an anomaly in marine insurance, and, being out of the ordinary, we would naturally look for some different meaning than that which attends the usual form. Instead of being cast in terms of exclusion, the complaint assumes that there is a usual form of marine policy or policies containing a clause identical with that which is stricken out in the one sued upon, and that the purpose of such policy was to insure those risks ordinarily excluded by that clause; that is to say, that the policy by its terms—namely: "This insurance is only to cover those risks excluded by the Warranted free of capture seizure & detention clause in Marine policy or policies. With liberty to run blockade"—the clause in question having been eliminated, specifically includes those risks so excluded by the usual policy. Such a construction is perhaps not unwarrantable, and it is not apparent that it renders the policy inoperative. The plaintiff ought to be left to proceed upon its own theory of its cause of action, and hence the first point of the demurrer is not well taken.

It is next insisted that the allegation of interest is insufficient to show that plaintiff had an insurable interest in the subject of the insurance. The allegation is, as will be seen:

"That the said plaintiff's interest in said vessel * * * was equal in amount to her said value as in said policy set forth."

This allegation is more nearly suited to show the value of the vessel than plaintiff's interest therein or the nature thereof. Indeed, it assumes that plaintiff had an interest in the vessel, and then sets forth its value, without saying that plaintiff had any interest whatever. There is no allegation elsewhere in the complaint touching the nature of the interest or what it was that plaintiff had, if any, and the complaint is palpably insufficient in this particular. I deem it insufficient to allege simply that plaintiff had an interest. This is a conclusion. The complaint should show what that interest is or the nature thereof, so that the court could see at once what claim is being made as to plaintiff's property right in the vessel. Chrisman v. State Insurance Company (Or.) 18 Pac. 466; Spare v. Home Mutual Insurance Company (C. C.) 15 Fed. 707; Earnmoor v. California Insurance Company (D. C.) 40 Fed. 847.

For the reason here last stated, the demurrer will be sustained, and it is so ordered.