NEBRASKA NATIONAL BANK OF OMAHA ET AL., APPELLEES, v. CON PARSONS ET AL., APPELLANTS.

FILED JULY 16, 1927. No. 24915.

1. **Venue.** An action on a joint guaranty for the payment of discounted notes is transitory and may be brought in any county wherein the defendants reside or wherein one of them may be summoned. Comp. St. 1922, secs. 8563, 8570.

2. **Process:** SUMMONS TO ANOTHER COUNTY. Where one of several joint guarantors is properly sued and summoned in a county other than that of his residence, summons for the other guar-

antors may, in the same action, be issued to and served in another county wherein they reside. Comp. St. 1922, secs. 8563, 8570.

3. ———: ———. In a transitory action a defendant, in absence of fraud or collusion, is not necessarily immune from service of summons in a county other than that of his residence, while waiting at a railroad station for a train on his way home from another state.

4. Appeal: FINDINGS BY COURT. In an action at law a finding of the trial court on an issue of fact has the same effect as the verdict of a jury, if the parties waived a jury.

5. Guaranty: CONSIDERATION. The extending of credit pursuant to, and in reliance upon, a duly executed guaranty for the payment of discounted notes, may be sufficient consideration for the making of the guaranty.

6. Corporations: CONTRACTS. The contracting of a corporate indebtedness in excess of a statutory limit does not necessarily invalidate the contract in absence of invalidating legislation.

7. Guaranty for payment of discounted notes, copied in opinion, held to include renewals and existing transactions.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Allen G. Fisher, Samuel L. O'Brien* and *A. L. Schnurr,* for appellants.

*Morsman, Maxwell & Haggart, contra.*

Heard before ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is an action on a guaranty to recover the amount due on 19 promissory notes aggregating $142,455. The plaintiffs are the Nebraska National Bank of Omaha and its liquidating agent, Fred W. Clark. Defendants are the following named guarantors: Con Parsons, A. L. Schnurr, W. L. Hoyt and Theo Okerblade. The notes were sold to and discounted by the Nebraska National Bank of Omaha, plaintiff, by the First National Bank of Harrison. Nebraska, the Harrison Real Estate & Loan Company and A. L. Schnurr. The latter was president of the two corporations

transacting business at Harrison.  A copy of the guaranty follows:

"Know all men by these presents:  That I, the undersigned, a stockholder or otherwise interested in the First National Bank of Harrison, Nebraska, hereinafter called 'First National Bank,' a banking corporation; the Harrison Real Estate & Loan Company, hereinafter called the 'Company;' and A. L. Schnurr, do hereby request the Nebraska National Bank of Omaha, Nebraska, hereinafter called 'Nebraska National Bank,' to give and continue to give, from time to time as the said Nebraska National Bank may see fit, financial accommodations and credit to said First National Bank, said Company or said A. L. Schnurr; and in consideration of the sum of one dollar to me in hand paid, receipt of which is hereby acknowledged, and of financial accommodations heretofore given or which may hereafter be given by said Nebraska National Bank to said First National Bank, said Company or said A. L. Schnurr, I do hereby guarantee, and promise and agree to make prompt payment to said Nebraska National Bank, as they severally mature, all overdrafts of said First National Bank, said company, or said A. L. Schnurr, all loans made or which may be made by it to said First National Bank, said Company or said A. L. Schnurr, all moneys by it paid for the use and account of said First National Bank, said Company or said A. L. Schnurr, and all notes, acceptances or other paper which have been or may be discounted for or at the request of said First National Bank, said Company or said A. L. Schnurr, whether made, drawn, accepted, indorsed or not indorsed by said First National Bank, said Company or said A. L. Schnurr, and whether indorsed with or without recourse, and any of the personal notes of any of the signers hereto, and any and all other obligations of every kind and character, from said First National Bank, said Company or said A. L. Schnurr to said Nebraska National Bank, and, also, any and all renewals of any of the foregoing regardless of other collateral now held or which may hereafter be acquired by the said Nebraska National Bank as additional

security to any or all of the indebtedness of said First National Bank, said Company, or said A. L. Schnurr.

" It is understood that notice to me of the creation of any of said indebtedness shall be unnecessary, and that I will keep myself posted as to all matters pertaining to this guaranty without notice or information from the said Nebraska National Bank.

" When any such overdrafts, loans or paper or other obligation or any renewal thereof shall become and remain due and unpaid, the undersigned will, upon demand, pay the amount due thereon together with any and all expenses incurred by the said Nebraska National Bank incident to the collection thereof, including traveling expenses, attorneys' fees, costs, *et cetera.*

" Notice of the making or renewing of any such overdrafts, loans, paper or obligations, demand, protest and notice of nonpayment thereof and notice of acceptance hereof are hereby expressly waived.

" These presents constitute a continuing agreement applying to all future as well as existing transactions between said First National Bank, said Company or said A. L. Schnurr and said Nebraska National Bank. I may relieve myself from liability on obligations thereafter created by giving written notice, by registered mail, to the Nebraska National Bank that I will not be liable for obligations created after the receipt of such notice.

" Before proceeding against me hereunder, the said Nebraska National Bank need not resort to collateral security held for said indebtedness nor exhaust its remedy against said First National Bank, said Company and said A. L. Schnurr, above mentioned, nor against any other signer of this guaranty.

"Signed this 5th day of December, 1921.

> " Con  Parsons,
> " W. L. Hoyt,
> " A. L. Schnurr,
> " Theo  Okerblade."

This instrument was signed by defendants. The action was begun, tried and determined in the district court for Douglas county. Schnurr was summoned in that county and the other defendants were summoned in Sioux county, the summonses having been issued out of the district court for Douglas county.

The defenses pleaded were want of jurisdiction, defendants claiming that the district court for Sioux county was the exclusive forum; void service of summons in both counties, objections to jurisdiction being preserved throughout the proceedings; guaranty not completed or delivered, the omitted signature of plaintiff Clark being a condition of delivery; want of consideration; *ultra vires,* the notes exceeding in amount the contracting power of the corporations that sold them to the plaintiff bank; notes are renewals of previous notes to which the guaranty, operating prospectively, does not apply.

Upon a trial of the cause without a jury the district court found the issues generally in favor of plaintiff. Six of the 19 notes having been paid during litigation, judgment was rendered in favor of plaintiffs for $67,833.86, the amount due on the 13 notes remaining unpaid. Defendants appealed.

Should the objections to jurisdiction have been sustained? All defendants were residents of the state. They signed the same instrument, jointly and severally agreeing to perform identical terms of the same guaranty. All guarantors obligated themselves absolutely to pay the guaranteed notes. The action is based on the guaranty. The unpaid notes discounted are proofs of the amount due plaintiff. The following provision of statute seems applicable to venue:

" Every other action must be brought in the county in which the defendant, or some of the defendants, resides or may be summoned." Comp. St. 1922, sec. 8563.

The residence of defendants in Sioux county does not necessarily determine the forum. A further provision of statute reads thus:

" When the action is rightly brought in any county, ac-

cording to the provisions of this code, a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request." Comp St. 1922, sec. 8570.

The action was transitory and was properly begun in Douglas county to enforce a joint liability of defendants. Schnurr was summoned therein. There was personal service on him. The return of the sheriff of Douglas county so shows and it was not successfully impeached. The service was made at a railroad station in Omaha while. Schnurr, on his way home from another state, was waiting for a train. Jurisdiction was not defeated by fraud or collusion. Immunity from service on Schnurr in Douglas county was not shown. Service on the other defendants in Sioux county, therefore, was valid.

On the issue of delivery of a completed guaranty the trial court made a finding in favor of plaintiffs. That finding is supported by sufficient competent evidence and has the same effect as the verdict of a jury, the action being one at law.

Want of consideration, though pleaded, is not established as a defense. It is shown by a preponderance of the evidence and by a finding of the trial court that the plaintiff bank, relying on the guaranty, extended credit to the First National Bank of Harrison, the Harrison Real Estate & Loan Company and Schnurr, thus benefiting them. This was a sufficient consideration.

It is argued by defendants that the guaranty is void because the guaranteed notes exceed in amount an indebtedness beyond the power of the corporations to incur. The argument is based on the proposition that the indebtedness exceeds the statutory limit on corporate power. Excessive indebtedness does not necessarily invalidate contract obligations, unless the statute so declares. and legislation to that effect has not been pointed out. *Bank of College View v. Nelson*, 106 Neb. 129; *State v. Farmers State Bank*, 112 Neb. 597.

It is insisted further that the guaranty operates prospec-

tively only and that it does not cover the transactions in controversy. The guaranty itself is not open to this interpretation. It applies by its own terms " to all future as well as existing transactions," and includes " all renewals " of guaranteed paper and all notes without regard to renewals. These provisions were within the contracting power of the parties to the guaranty.

A review of the record fails to disclose any reversible error.

AFFIRMED.