LUCY MULLER, GUARDIAN, APPELLANT, v. ERNEST A. HARMS ET AL., APPELLEES.

FILED NOVEMBER 28, 1928. No. 26156.

*Fischer & Fischer* and *J. Gerald MacVeigh,* for appellant.

*J. C. Travis, contra.*

Heard before GOSS, C. J., ROSE, THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

ROSE, J.

This is an action to recover $450, the amount of a claim for two monthly instalments of unpaid rent, each for $225. The property for which rents are claimed is the Apollo Theatre at 2824 Leavenworth street, Omaha. It was formerly owned by Fritz Muller, now deceased. He left surviving him his widow and their two minor sons, Walter Frederick Muller and Paul Ernest Muller. Charles B. Schleicher, administrator of decedent's estate, entered into a lease demising the Apollo Theatre to Ernest A. Harms and Mathilda A. F. Harms for a term of five years for $13,500 payable in instalments of $225 on the first day of each month beginning January 1, 1926. The lease was in writing and was formally executed by lessor and lessees. The latter paid the monthly rents from January 1, 1926, until October 1, 1926, but in the meantime, September 24, 1926,

gave notice that they would terminate their tenancy October 31, 1926. The attempt to do so was resisted and this suit was brought to recover the instalments due under the lease November 1, 1926, and December 1, 1926. The administrator settled decedent's estate and was discharged. These and other facts were pleaded in detail by plaintiff. The plaintiff is Lucy Muller, guardian of the two minors. The lessees are defendants.

To the petition a general demurrer was interposed by defendants and sustained by the court. Plaintiff refused to plead further and her action was dismissed. From that judgment she has appealed.

Plaintiff contends as pleaded that defendants are bound by the lease and that they are indebted to her for two months' rent. Defendants take the position that the administrator had no power to make the lease and that it was void, because it provided for a long tenancy after the settlement of decedent's estate. A determination of the controversy requires consideration of additional facts stated in the petition. When Fritz Muller was owner of the Apollo Theatre he leased it to defendant Ernest A. Harms December 1, 1922, for a term of three years beginning January 1, 1923. The consideration named was $6,300 payable in monthly instalments of $175 each. A chronology of events fully pleaded by plaintiff in her petition follows:

November 4, 1923, Fritz Muller died, leaving a will devising the Apollo Theatre to his two minor sons, Walter Frederick Muller and Paul Ernest Muller—a will subsequently probated; January 22, 1924, Charles B. Schleicher granted letters of administration with the will annexed; April 8, 1925, and prior thereto, defendants solicited the administrator and also Lucy Muller, mother and natural guardian of the two minors, for a new lease extending the tenancy beyond the terms of the old and offering increased rents; April 8, 1925, administrator, with the consent and approval of plaintiff, under authority of the county court, accepted the offer of defendants and with them entered into a lease demising the Apollo Theatre to them for a term

of five years for $13,500, payable in monthly instalments of $225 each, beginning January 1, 1926; April 9, 1925, Lucy Muller appointed and qualified as guardian of the minors; May 27, 1925, entry of decree by county court that the Apollo Theatre passed to the minors by will of their father; May 27, 1925, final account of administrator approved; June 2, 1925, debts paid and estate distributed; January 14, 1926, administrator discharged, leaving plaintiff as guardian in control of the persons and the property of her two minor sons. September 24, 1926, defendants notified plaintiff they would terminate their tenancy and vacate the premises October 31, 1926. The facts summarized were fully stated in the petition.

By means of copies the will, the two leases and notice of lessees' purpose to terminate the tenancy were included in the petition. Plaintiff alleged also that defendants paid to her the rent under the first lease from July 1, 1925, to and including December, 1925, and under the new lease from and including January, 1926, to and including October, 1926; that the rent for November and December, 1926, is due and unpaid.

In argument by defendants on the proposition that the period of tenancy extended beyond the tenure of the administrator as such and that consequently his lease was void, reference was made to the following provisions of statute:

"The executor or administrator shall have a right to the possession of all the real as well as the personal estate of the deceased, and may receive the rents, issues and profits of the real estate, until the estate shall have been settled, or until delivered over, by order of the county court, to the heirs or devisees, and shall keep in good tenantable repair all houses, buildings, and fences thereon which are under his control." Comp. St. 1922, sec. 1320.

This statute does not declare that agreements made by an administrator in excess of the powers granted are void. An authoritative opinion of this court so holding has not been cited or observed. Attention, however, was called to

*Hollman v. Pattison, & Co.*, 104 Neb. 313, where the syllabus contains a ruling that "an administrator cannot lease an estate of which he is administrator beyond his term of office," but upon a reconsideration of that case the syllabus was withdrawn. *Hollman v. Pattison & Co.*, 104 Neb. 846. Contractual obligations exceeding authority granted or limited by statute, when not declared invalid by the lawmakers, have often been enforced. *Smith v. First Nat. Bank of Chadron*, 45 Neb. 444; *Bank of College View v. Nelson*, 106 Neb. 129; *Simmons v. Farmers Union Cooperative Ass'n*, 114 Neb. 463; *Nebraska Nat. Bank v. Parsons*, 115 Neb. 770. At most the statute made the lease voidable upon a timely exercise of a right to declare it void. Under the statute heirs and devisees of a deceased person are protected in their right to the possession and control of their property upon the settlement of decedent's estate and the discharge of the administrator. He entered into the new lease for the benefit of the two minor devisees, with the approval of their mother, the natural guardian. After execution of the lease, and the discharge of the administrator, while defendants were in possession of the property as lessees, the guardian and the county court elected for the minors to take advantage of the new lease, thus enhancing the value of their patrimony. This election was a proper exercise of power committed by law to the guardian and the county court. *Gentry v. Bearss*, 88 Neb. 742. Defendants approached the administrator for the new lease extending the term of the tenancy while he was in control of the property, and he accepted their offer with the consent of the natural guardian in addition to authority from the county court. The transaction was free from even a suspicion of fraud on the part of either the administrator or plaintiff. After the administrator was discharged the new lease was effective for the purpose of enabling defendants to retain possession of the property for their own benefit beyond the period fixed by the first lease. By paying to plaintiff for several months the increased rent as stipulated and by continued occupa-

tion of the leased premises, defendants recognized plaintiff as the guardian, as the lessor and as the administrator's successor. The lease was thus accepted by both plaintiff and defendants. Plaintiff received her rent and defendants continued to occupy the premises as tenants. Without the consent of plaintiff the lease was not open to rejection by defendants when they gave notice that they would terminate their tenancy.

The demurrer was erroneously sustained. As a result of the error the judgment of the district court dismissing the action is reversed and the cause remanded for further proceedings.

REVERSED.