## GLOBE & RUTGERS FIRE INS. CO. v. ROSE.

### No. 10795.

Circuit Court of Appeals, Eighth Circuit.

Aug. 3, 1937.

Rehearing Denied Sept. 13, 1937.

Clinton Brome, of Omaha, Neb. (Amos Thomas and G. H. Seig, both of Omaha, Neb., on the brief), for appellant.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard and Arthur J. Whalen, both of Omaha, Neb., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

This appeal is prosecuted from a decree granting a reformation of two insurance policies and awarding a recovery upon the policies, as reformed. The errors assigned and argued relate to the sufficiency of the evidence to support the decree, and to the entry of a judgment upon one of the policies without a jury trial. The appellant, the Globe & Rutgers Fire Insurance Company, issued two fire insurance policies to William Rose, the appellee. One policy was upon a frame dwelling house, and the other was upon household goods contained therein.

Each policy contained a clause making it void, unless it was otherwise provided by agreement indorsed or added to the policy, "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." A fire occurred after the issuance of the policies, causing a total loss of the building and of the household goods insured. In plaintiff's bill it was alleged that in making application for the insurance he informed the appellant's agent who issued the policies that he was a lessee of the premises and desired a policy which would protect him from any loss to the building and contents, and he asked for a reformation of the policies by the insertion of a clause to the effect that the insurance company accepted notice of the fact that the subject of insurance was situated upon leased premises, and that the insured did not have title in fee simple or unconditional ownership of the premises on which the subject of insurance was situated, and for recovery upon the policies as so reformed. The answer of the insurance company denied that it was given any notice, when the policies were applied for and issued, that the appellee claimed to be a lessee of the dwelling house.

The insurability of appellee's interest in the dwelling house was also made an issue by the pleadings. At the trial there was evidence given which tended to show that the appellee had received a written lease of the premises, signed by Mrs. Bertha Cooley, as an administratrix of an estate, and had entered into possession under this lease, and that at a later date, but before the fire, this lease had been ratified by the administrator of the estate of the owner of the property as well as by the heirs. The appellee testified that when he applied for the insurance, at the office of the insurance agents, a lady in the office took his application and he exhibited his lease in order to give her the legal description of the property, and at the same time he inquired whether he had a right to insure that property and was told by her that he did.

In this statement, the appellee was corroborated by the testimony of W. Nathan Watts, a real estate agent and friend of the appellee, who went with him when he applied for the insurance. He testified that the manager of the insurance department was not at the office, but the lady came out and

the witness told the appellee to show her his lease, which he did, and the witness explained to her that she was not writing the insurance for the owner of the property but for the party leasing it, and asked, "Can you do that?" and she replied, "just a minute," and went into the office and talked to some one and returned and asked for and took the legal description of the property.

On behalf of the appellant, the lady with whom appellee dealt was produced as a witness and she testified that she waited on customers who applied for insurance when the men were absent and wrote all policies; that this insurance was applied for and the policies written by her, but that she had no recollection of any conversation as to the appellee having a lease on the property, and did not remember whether or not she saw the lease, but made no notation of it on a memorandum she made at the time of the description and amount of the policy. She also said that she could not remember if she asked any of her superiors whether or not she could insure the property; but said she was fairly sure she did not ask any one about any thing relating to the policies.

■ Before considering the effect of this evidence, it is proper to consider the appellant's suggestion that the appellee did not have an insurable interest in the dwelling house. What authority was possessed by Mrs. Cooley who executed the written lease as lessor does not clearly appear, but the authority of the administrator of the estate of the deceased owner of the property who ratified the terms of the lease is shown by reason of his appointment as administrator by the county court of Washington county, Neb. Section 30-406 of the Nebraska Compiled Statutes (1929) was in force at the time of these transactions, and provided that an executor or administrator of a deceased person has the right of possession of the real and personal estate and may receive the rents and profits of the real estate. Under this statute an administrator may lease the lands of the deceased person until the debts against the estate have been paid and the estate is settled, and a lease by the administrator is not void, but only voidable by the heirs if it is for too long a period, and the lease can also be ratified by the heirs. Jackson v. O'Rorke, 71 Neb. 418, 98 N.W. 1068; Muller v. Harms, 117 Neb. 657, 221 N.W. 898. It does not appear that the administrator was without authority to ratify this lease, the appellee was in the possession and use of the dwelling house under a claim of right because of this lease and his title as lessee was not open to challenge by the insurance company. Miller v. Alliance Ins. Co. of Boston (C.C.) 7 F. 649; Home Ins. Co. v. Gilman, 112 Ind. 7, 13 N.E. 118; Redfield v. Holland Purchase Ins. Co., 56 N.Y. 354, 15 Am.Rep. 424.

■ The lease granted possession of the dwelling house to the appellee for a period of over four years from its date, with a right to repair and remodel the buildings. The fire occurred about two months after the date of the lease. Any actual interest, legal or equitable, in property, is insurable. Columbian Insurance Co. v. Lawrence, 2 Pet. 25, 7 L.Ed. 335; Howard F. Insurance Co. v. Chase, 5 Wall. 509, 18 L.Ed. 524; Commercial Union Assur. Co. v. Jass (C.C. A.) 36 F.(2d) 9; Spare v. Home Mut. Ins. Co. (C.C.) 15 F. 707; Farmers' & Merchants' Ins. Co. v. Mickel, 72 Neb. 122, 100 N.W. 130, 9 Ann.Cas. 992; 26 Corp.Jur. 26. "A right of property in a thing is not always indispensable to an insurable interest. Injury from its loss or benefit from its preservation to accrue to the assured may be sufficient, and a contingent interest thus arising may be made the subject of a policy." Hooper v. Robinson, 98 U.S. 528, 538, 25 L.Ed. 219; United States v. American Tobacco Co., 166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081; Germania F. Insurance Co. v. Thompson, 95 U.S. 547, 24 L.Ed. 487.

A lessee has an insurable interest in the leased premises if the loss of the structures leased may cause pecuniary injury to him. Commercial Union Assur. Co. v. Jass (C.C. A.) 36 F.(2d) 9; Hidden v. Slater Mut. Fire Ins. Co., 12 Fed.Cas. p. 121, No. 6,463, 2 Cliff. 266; German Ins. Co. v. Hyman, 34 Neb. 704, 52 N.W. 401; Slobodisky v. Phenix Ins. Co., 53 Neb. 816, 74 N.W. 270; 26 Corp.Jur. 34.

■ The destruction of the dwelling house insured under the policy in question would be an injury to the appellee, in the deprivation of the right of possession granted to him for a term of years, and the appellee had an insurable interest in that property at the time the policy was issued.

■ The trial court found that the appellee had disclosed his interest in this property to the insurance agency and had exhibited his lease, that the policy on the dwelling house had been issued upon a mutual understanding and agreement that the appellee's title was only that of a lessee, and that there was a mutual mistake of the parties in fail-

ing to provide an endorsement on the policy substantially as prayed for. The appellant urges that this evidence is not of that clear and convincing character which will authorize a reformation (Maxwell Land-Grant Case, 121 U.S. 325, 7 S.Ct. 1015, 30 L.Ed. 949; Simmons Creek Coal Co. v. Doran, 142 U.S. 417, 12 S.Ct. 239, 35 L.Ed. 1063; Bailey v. Lisle Mfg. Co. [C.C.A.] 238 F. 257, 266), and does not prove that the insurance company intended to make any other contract than the policy which was issued.

In Hearne v. New England Marine Ins. Co., 20 Wall. 488, 490, 22 L.Ed. 395, the court said: "The reformation of written contracts for fraud or mistake is an ordinary head of equity jurisdiction. The rules which govern the exercise of this power are founded in good sense and are well settled. Where the agreement as reduced to writing omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected so as to make it conform to their real intent. The parties will be placed as they would have stood if the mistake had not occurred."

Adjudged cases afford many instances of such relief awarded by way of reformation of insurance policies and other contracts so as to include in the contract agreed terms which have been omitted. Snell v. Atlantic Insurance Company, 98 U.S. 85, 25 L.Ed. 52; Wasatch Mining Co. v. Crescent Mining Co., 148 U.S. 293, 13 S.Ct. 600, 37 L.Ed. 454; Moffett, Hodgkins & Co. v. Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108; Day v. Fireman's Fund Ins. Co. (C.C.A.) 67 F. (2d) 257; Rapides Club v. American Union Ins. Co. (D.C.) 35 F.(2d) 253; American Automobile Ins. Co. v. Castle, Roper & Mathews (C.C.A.) 48 F.(2d) 523; Robinson v. Union Automobile Ins. Co., 112 Neb. 32, 198 N.W. 166; Davis v. Highway Motor Underwriters, 120 Neb. 734, 235 N.W. 325; 2 Pom.Eq.Jur.(3d Ed.) § 853; Grand View Building Ass'n v. Northern Assur. Co., 73 Neb. 149, 102 N.W. 246, affirmed in 203 U. S. 106, 27 S.Ct. 27, 51 L.Ed. 109.

In this case there is no real conflict in the testimony as to what occurred when the insurance was applied for. The testimony to the effect that the appellee stated that he was insuring property which he held under a lease, that the lease was exhibited to the agent in charge, that she examined the lease sufficiently to get the legal description of the property, and that, when inquiry was made, she assured the applicant that the policy could be written, was not contradicted by the mere statement of the agent that she could not remember as to these occurrences, is not inherently improbable, and we agree with the trial court that it should be accepted, and this requires an affirmance of the finding of the trial court that a reformation of the policy should be ordered.

The appellee's bill contained two causes of action, but not separately stated. A reformation was asked as to each policy of insurance and recovery was prayed upon each policy, as reformed. The reformation was unnecessary as to the policy upon the household goods. The court found in favor of the appellee as to both policies and entered judgment on each policy. The appellant urges that it was erroneous to enter judgment upon the policy covering the household goods, because the court lacked jurisdiction to render the judgment in the action in equity and that the appellant was thereby deprived of a jury trial. The amended bill, upon which the case was heard, alleged a mutual mistake of the parties as to each of the policies, because of the omission of the indorsement which has been mentioned. Upon motion of the appellee, the case, which had stood upon the law docket, was transferred to the equity docket, and was heard as an equity case. No request appears to have been made for a jury trial as to any feature of the case, nor any request for a transfer to the law docket of the action upon either policy. No objection or exception appears to have been made to the docketing of this case as an equitable action, and in no other manner was any objection made to the procedure which was followed. The court had jurisdiction over the subject matter involved, and the right to a jury trial was waived. Twist v. Prairie Oil Co., 274 U.S. 684, 691, 47 S.Ct. 755, 758, 71 L.Ed. 1297; Fidelity-Phenix Fire Ins. Co. v. Benedict Coal Corporation (C.C.A.) 64 F.(2d) 347; Brown Paper Mill Co. v. Frazier (C. C.A.) 76 F.(2d) 65; Fay v. Hill (C.C.A.) 249 F. 415; Babcock & Wilcox v. American Surety Co. (C.C.A.) 236 F. 340; Henderson Tire & Rubber Co. v. Reeves (C.C.A.) 14 F.(2d) 903; Adams v. Clarke (C.C.A.) 22 F.(2d) 957; Lyons Milling Co. v. Goffe & Carkener (C.C.A.) 46 F.(2d) 241, 83 A.L.R. 501; Otoe County Nat. Bank v. Delany (C. C.A.) 88 F.(2d) 238.

The decree of the lower court will be affirmed.